**STATE of Texas, et al., Appellants,**

v.

**AUTUMN HILLS CENTERS, INC., et al., Appellees.**

**No. B14–85–233CV.**

Court of Appeals of Texas, Houston (14th Dist.).

November 21, 1985.

Michael J. Guarino, Dist. Atty., Miguel Martinez, Asst. Dist. Atty., Galveston, for appellants.

Thomas P. Sartwelle and Roger Townsend of Fulbright & Jaworski, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

Appellees, Autumn Hills Convalescent Centers, Inc., Ron Pohlmeyer, Mattie Locke, Ann Wright, and Mary Wagner sought expunction of their arrest records. Autumn Hills is a provider of nursing and health care services for elderly and infirm. From 1977 to 1979 the individual appellees were officers and employees of a nursing home owned and operated by Autumn Hills in Texas City, Galveston County, Texas.

In March 1981, Autumn Hills and the four individual appellees were indicted for murder by a Galveston County grand jury. After learning of the indictments, they, in the company of their attorneys, voluntarily surrendered at the Galveston County jail to avoid a public arrest in Harris County. These indictments were subsequently dismissed by the State.

On November 21, 1984 the appellees filed a petition for expunction of their Galveston 1981 arrest records in Harris County. The court denied the State's challenge to jurisdiction and venue and ordered the expunction of both the arrest and the grand jury records. The State appeals.

Appellants bring six points of error. In the first they contend that there is no evidence to support the trial court's finding that appellees were arrested in Harris County. The facts are undisputed that each of the appellees (except Ann Wright) learned of his indictment in Harris County but later went with his attorney to Galveston County and surrendered to the authorities there.

■ A person is arrested when he has actually been placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant. Tex.Code Crim.Proc.Ann. § 15.22 (Vernon 1977). If a person voluntarily places himself in the hands of his own attorney to surrender to the police, there is no arrest at that time. *DeLeon v. State*, 150 Tex.Crim. 391, 201 S.W.2d 816 (1947). Here the appellees could not have been arrested in Harris County because they were not in contact with a person there with sufficient authority to arrest them. There was no reasonable apprehension of restraint in Harris County. The first point of error is sustained.

■ In their second point of error, appellants argue that the expunction of the criminal records was invalid because the Harris County court did not have jurisdiction to hear the case. Article 55.01 of the *Code of Criminal Procedure* grants the right to expunge all records relating to an arrest under certain conditions. Article 55.02 delineates the procedure to be followed by those who meet the requirements of 55.01. It provides in part:

> Sec. 1(a)   A person who is entitled to expunction of records and files under this chapter may file an ex parte petition for expunction *in a district court for the county in which he was arrested.* (emphasis added).

Here the appellees were arrested in Galveston County, but the expunction petition was filed and granted in Harris County. Because of this discrepancy, the expunction is invalid.

The right to expunction is neither a common law nor a constitutional right. *Cyrus v. State*, 601 S.W.2d 776 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Texas Department of Public Safety v. Failla*, 619 S.W.2d 215 (Tex.Civ.App.—Texarkana 1981, no writ); Annot. 11 A.L.R.4th 956 (1982). Rather, it exists as a statutory privilege which is granted and, therefore, can be limited by the legislature. Where a cause of action is derived solely by statute, the statutory provisions are mandatory and exclusive and must be complied with or the action is not maintainable. *Schwartz v. Texas Department of Public Safety*, 415 S.W.2d 12 (Tex.Civ.App.—Waco 1967, no writ); *Merida v. Texas Municipal Retirement System*, 597 S.W.2d 55 (Tex.Civ.App.

—Austin 1980, no writ); *Rowden v. Texas Catastrophe Property Insurance Association,* 677 S.W.2d 83 (Tex.App.—Corpus Christi [13th Dist.] 1984, writ ref'd n.r.e.). Where a statutory privilege exists, it lies within the power of the legislature to designate a particular court as the exclusive tribunal to hear the matter. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926); *Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 364 (1933). Appellees did not adhere strictly to the requirements of Section 55.02.

Appellees argue that the word "may" creates a permissive venue statute, and therefore, the general rules of venue allow the petition to be filed in the county where the appellees resided. Expunction of a criminal record is not a common-law right. Therefore, the statutory designation of venue is mandatory and confers exclusive jurisdiction. *McGregor v. Clawson,* 506 S.W.2d 922 (Tex.Civ.App.—Waco 1974, no writ); *Poyner v. Bowie Independent School Dist.,* 627 S.W.2d 517 (Tex.App.—Fort Worth [2nd Dist.] 1982, no writ). The second point of error is sustained.

Point of error number three is an alternative argument to grounds one and two and need not be addressed.

■ Appellants' fourth and fifth points of error assert that the corporate appellee is not entitled to expunction because it was not arrested, and there is no evidence it had not been convicted of a felony in the five years preceeding the date of arrest.

Article 55.01 states that "a person who has been arrested" is entitled to expunction of all records relating to his arrest. Given the legal meaning and use of the word arrest, 55.01 is referring to a "natural" person. While a corporation is considered a person in certain situations, it is not a person under 55.01. A corporation can neither be physically restrained nor taken into custody. Article 17A.03 of the *Texas Code of Criminal Procedure,* delineates the procedure whereby a corporation can be brought into court to answer criminal charges. Nowhere in 17A is an arrest given as a means of bringing a corporation into court. In fact, 17A.03(b) says that no individual may be arrested upon a complaint, indictment, information, judgment, or sentence against a corporation or association. Since a corporation cannot be arrested, it is not entitled to the benefits of the expunction statute. The fourth and fifth points of error are sustained.

■ In the sixth point of error, appellants claim that the trial court exceeded its statutory authority by returning the records to the corporation which were obtained by grand jury investigations and were unrelated to any arrest under Article 55.01. Since Article 55.01 does not apply to a corporate entity, the records could not be returned under its authority. The sixth point of error is sustained.

The judgment of the trial court is reversed.