

# THE ATTORNEY GENERAL
## OF TEXAS

June 1, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Jimmy F. Davis
Castro County District Attorney
Castro County Courthouse
Dimmitt, Texas 79027-2689

Opinion No. JM-912

Re: Expungement of criminal convictions under certain provisions of the Texas Code of Criminal Procedure (RQ-1325)

Dear Mr. Davis:

You ask:

> 1. Under Article 45.54, Texas Code of Criminal Procedure, as amended by S.B. 1422, is a Justice of the Peace Court prohibited from expunging its own records or must an affected individual file suit in a District Court under Article 55.01, Texas Code of Criminal Procedure?

> 2. Under Article 45.54, Texas Code of Criminal Procedure, as amended by S.B. 1422, does a conviction result for purposes of the Texas Driver's License law under Article 6687b, Section 22, whenever the procedures of Article 45.54, Texas Code of Criminal Procedure, are applied to a traffic offense in the Justice of the Peace Court?

> 3. Should the Texas Department of Public Safety record a conviction in the applicable driver's license records of an individual who has been placed under the terms and obligations of Article 45.54, Texas Code of Criminal Procedure, as amended by S.B. 1422, since a dismissal and/or expungement could result within 180 days or thereafter?

Article 45.54 of the Code of Criminal Procedure provides in pertinent part:

1. Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, V.T.C.S.),[1] the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.

[Section (2) sets forth conditions that the justice may require the defendant to meet during the deferral period.]

3. At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice may dismiss the complaint. Otherwise, the justice may reduce the fine assessed or may then impose the fine assessed. If the complaint is dismissed, a special expense not to exceed the amount of the fine assessed may be imposed.

4. Records relating to a complaint dismissed as provided by this article may be expunged under Article 55.01 of this code.

In your first question you inquire whether a justice of the peace may expunge the court's own records under section (4) or, in the alternative, whether a defendant is required to file suit in district court under article 55.01 of the Code of Criminal Procedure.

Chapter 55 of the Code of Criminal Procedure addresses the matter of expunction of criminal records. Article 55.01 lists circumstances under which an individual is entitled to have "all records and files relating to the arrest expunged." Article 55.02 sets forth the procedure for expunction. The language in section 1(a) of article 55.02

---

1. Section 143A of article 6701d, V.T.C.S., provides that when a person is charged with a misdemeanor under this act, the court may defer proceedings to allow the person 90 days to present evidence that he has successfully completed a defensive driving course. Upon compliance the court shall dismiss the charge.

appears to prompt your question relative to the court's possessing jurisdiction to hear an expunction petition. Section 1(a) states:

> A person who is entitled to expunction of records and files under this chapter <u>may file an ex parte petition for expunction in a district court for the county in which he was arrested</u>.  (Emphasis added.)

In <u>State v. Autumn Hills Centers, Inc.</u>, 705 S.W.2d 181 (Tex. App. - Houston [14th Dist.] 1985, no writ), the venue and jurisdiction of a court to hear expungment cases was an issue raised on appeal of that cause.  In <u>Autumn Hills</u> the court stated:

> In their second point of error, appellants argue that the expunction of the criminal records was invalid because the Harris County court did not have jurisdiction to hear the case.  <u>Article 55.01 of the Code of Criminal Procedure grants the right to expunge all records relating to an arrest under certain conditions.  Article 55.02 delineates the procedure to be followed by those who meet the requirements of 55.01</u>.  It provides in part:
>
> > Sec. 1(a) A person who is entitled to expunction of records and files under this chapter may file an ex parte petition for expunction <u>in a district court for the county in which he was arrested</u>. (Emphasis added.)
>
> Here the appellees were arrested in Galveston County, but the expunction petition was filed and granted in Harris County.  Because of this discrepancy, the expunction is invalid.
>
> <u>The right to expunction is neither a common law nor a constitutional right</u>.  <u>Cyrus v. State</u>, 601 S.W.2d 776 (Tex. Civ. App. - Dallas 1980, writ ref'd n.r.e.); <u>Texas Department of Public Safety v. Failla</u>, 619 S.W.2d 215 (Tex. Civ. App. - Texarkana 1981, no writ); Annot. 11 A.L.R.4th 956 (1982).  <u>Rather, it exists as a statutory privilege which is granted and, therefore, can be limited by the legislature.  Where a cause of</u>

> action is derived solely by statute, the
> statutory provisions are mandatory and
> exclusive and must be complied with or the
> action is not maintainable. Schwartz v.
> Texas Department of Public Safety, 415 S.W.2d
> 12 (Tex. Civ. App. - Waco 1967, no writ);
> Merida v. Texas Municipal Retirement System,
> 597 S.W.2d 55 (Tex. Civ. App. - Austin 1980,
> no writ); Rowden v. Texas Catastrophe Prop-
> erty Insurance Association, 677 S.W.2d 83
> (Tex. App. - Corpus Christi [13th Dist.]
> 1984, writ ref'd n.r.e.). Where a statutory
> privilege exists, it lies within the power of
> the legislature to designate a particular
> court as the exclusive tribunal to hear the
> matter. Mingus v. Wadley, 115 Tex. 551, 285
> S.W. 1084 (1926); Alpha Petroleum Co. v.
> Terrell, 122 Tex. 257, 59 S.W.2d 364 (1933).
> Appellees did not adhere strictly to the
> requirements of Section 55.02.
>
> Appellees argue that the word 'may'
> creates a permissive venue statute, and
> therefore, the general rules of venue allow
> the petition to be filed in the county where
> the appellees resided. Expunction of a
> criminal record is not a common-law right.
> Therefore, the statutory designation of venue
> is mandatory and confers exclusive
> jurisdiction. McGregor v. Clawson, 506
> S.W.2d 922 (Tex. Civ. App. - Waco 1974, no
> writ); Poyner v. Bowie Independent School
> Dist., 627 S.W.2d 517 (Tex. App. - Fort Worth
> [2nd Dist.] 1982, no writ). The second point
> of error is sustained. (Emphasis added.)

705 S.W.2d 181, 182-83 (Tex. App. - Houston [14th Dist.]
1985.

The holding in Autumn Hills is that expunction is a
statutory privilege, and compliance with the statute is
mandatory. It follows that a petitioner seeking expunction
under article 55.01 must comply with the requirements
delineated in article 55.02 by filing a petition in the
district court in the county in which the defendant was
arrested. We do not address here any issue regarding record
retention by a governmental body.

You ask whether a conviction results for purposes of section 22 of article 6687b, V.T.C.S., when the procedures outlined in article 45.54 are applied. Section 22 of article 6687b provides the procedure for suspension of a license to operate a motor vehicle following a hearing in which it has been determined that the holder of a license comes within any of the provisions which may authorize such suspensions. Undoubtedly, you are referring to the provision where by suspension is authorized because an operator comes within the definition of a habitual violator as the result of the number of convictions arising over a stated period of time.

In Attorney General Opinion JM-526 (1986), it was noted that article 45.54 enables "a 'justice' to make a form of probation available to defendants convicted of offenses with a maximum punishment of a fine not to exceed $200, i.e. Class C misdemeanors." Like our probation statute for higher grades of offenses, article 45.54 provides that upon conviction of the defendant the "justice" may suspend the imposition of the penalty and "defer final disposition of the case." (Emphasis added.) See Code of Crim. Proc. art. 42.12. We believe there is an analogy in convictions utilized for the purpose of suspension of licenses under section 22 of article 6687b, V.T.C.S., and convictions used for enhancement of punishment for habitual offenders under articles 12.42 (felony) and 12.43 (misdemeanor, class A and B) of the Penal Code. It is "well established" that a conviction is not final for enhancement of punishment under our habitual offender statutes where there has been a probation granted, deferring or suspending imposition of punishment. Ex parte Murchison, 560 S.W.2d 654 (Tex. Crim. App. 1978, no pet.). Where probation is revoked and a penalty imposed, the judgment of conviction has then become final (absent appeal) for purposes of enhancement of punishment. Ex parte Murchison. While section 22 of article 6687b does not provide any express requirement that convictions must be reflected in the final judgment, it is unreasonable to think that the legislature intended that a conviction could be utilized under the habitual violator statute where there might be a dismissal or expungment of the case within 180 days. Thus, when the penalty assessed in an article 45.54 proceeding has been deferred, such conviction may not be used in proving a conviction under section 22 of article 6687b until such time as the fine has been imposed and there is a final judgment in the case. In the event the complaint is dismissed or records of the arrest expunged, there is nothing available for the purpose of proving a conviction under the habitual violator provisions of article 6687b.

In your final question, you ask whether the Texas Department of Public Safety should record a conviction in its driver's license records of a person who has been convicted of a class C misdemeanor and has had his penalty deferred pursuant to article 45.54. Section 152 of article 6701d requires a judge to report a conviction under the Uniform Act Regulating Traffic on Highways "within ten days after conviction" to the Department of Public Safety. Section 152 further provides that the department shall keep all such records at its main office. The failure of any judicial officer to comply with the reporting requirement "shall constitute misconduct in office and shall be grounds for removal therefrom."

A prior criminal record as defined by section 3(a) of article 37.07 of the Code of Criminal Procedure includes "a probated or suspended sentence that has occurred prior to trial." The courts have held that a prior conviction for which the defendant received a probated sentence is admissible as part of the defendant's criminal record at the punishment phase of the trial, even though the conviction had been set aside following the successful completion of probation. Vaughn v. State, 634 S.W.2d 310 (Tex. Crim. App. 1982, no pet.); Mays v. Estell, 505 F.2d 116 (5th Cir. 1974). In Attorney General Opinion JM-526 (1986), it was stated that "a person must be convicted before article 45.54 of the Code of Criminal Procedure is applicable." It is our opinion that even though the punishment has been deferred under article 45.54, the conviction should be recorded by the Department of Public Safety. In the event there has been a deferral of the fine under article 45.54, the records should reflect this fact. In the event of an expunction, the use of the record for any purpose is prohibited under section (1) of article 55.03.[2]

---

2. Section (2) of article 55.03 states that the petitioner may deny the occurence of arrest following expunction except as provided in section (3). Section (3) states that when a person is under oath in a criminal proceeding and is questioned about an arrest where the records have been expunged, he may "state only that the matter in question has been expunged."

## S U M M A R Y

A person seeking expunction of records relating to a complaint dismissed under article 45.54 of the Code of Criminal Procedure must comply with the requirements delineated in article 55.02 of the Code of Criminal Procedure by filing a petition in the district court in the county in which the defendant was arrested. When the penalty assessed in an article 45.54 proceeding has been deferred, such conviction may not be used in proving a conviction under section 22 of article 6687b until such time as the fine has been imposed and there is a final judgment in the case. The Department of Public Safety should record a conviction even though the punishment has been deferred under article 45.54 of the Code of Criminal Procedure. The record should reflect the fact that punishment has been deferred.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General