TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00580-CV






Thomas C. Retzlaff, Appellant



v.



Bell County Attorney's Office, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 170,506-C, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING






 Thomas C. Retzlaff, proceeding pro se, petitioned the district court to expunge all
records and files related to six of his criminal misdemeanor causes. See Tex. Code Crim. Proc.
Ann. art. 55.01 (West Supp. 1999). The district court denied his request and declared his petition
frivolous. Raising six issues, Retzlaff contends that the district court erred in denying his petition,
declaring the petition frivolous and that the court made several procedural errors. The Bell
County Attorney's Office (the "State") concedes that Retzlaff was entitled to have the records and
files expunged in five of the criminal misdemeanor causes. We will therefore reverse and remand
in part, reverse and render in part, and affirm in part the district-court judgment.

 Retzlaff filed a verified petition requesting that the district court expunge the
records and files in six causes against him numbered: (1) 2C97-1670, evading arrest using
vehicle; (2) 2C97-1671, display of harmful material to a minor; (3) 2C97-1673, display of harmful
material to a minor; (4) 2C97-1674, violation of a protective order; (5) CC97-39714C, theft by
check in an amount greater than $20 and less than $200; and (6) 2C95-5198, a class C criminal
attempt of harassment. The district court denied his request.

 In his third issue, Retzlaff contends that the district court abused its discretion in
denying his request for expunction. The State concedes that Retzlaff was entitled to have the
records related to causes one through five expunged. Accordingly, we will sustain the portion of
Retzlaff's third issue related to the first five causes, reverse the portion of the district court's
judgment related to cause numbers 2C97-1670, 2C97-1671, 2C97-1673, 2C97-1674, and CC97-39714C, and remand that portion of the cause to the district court for entry of an order expunging
the files and records related to these causes.


Cause Number 2C95-5198

 What remains at issue is whether the trial court erred in denying Retzlaff's request
to expunge the records in cause number 2C95-5198, the class C criminal attempt of harassment.
See Tex. Penal Code Ann. §§ 15.01, 42.07(a) (West 1994 & Supp. 1999). We conclude that it
did not.

 The right to expunction is a statutory privilege. State v. Autumn Hills Center, Inc.,
705 S.W.2d 181, 182 (Tex. App.--Houston [14th Dist.] 1985, no writ). In a statutory cause of
action, all provisions are mandatory and exclusive, and a person is entitled to expunction only
when all of the conditions have been met. Harris County Dist. Attorney's Office v. Burns, 825
S.W.2d 198, 202 (Tex. App.--Houston [14th Dist.] 1992, writ denied). Texas Code of Criminal
Procedure article 55.01(a) provides two sets of conditions for mandatory expunction and article
55.01(b) provides conditions for discretionary expunction. Retzlaff contends that he is entitled
to mandatory expunction based on the provisions of article 55.01(a)(2). The State responds that
Retzlaff is not entitled to expunction because he cannot meet the condition that "there was no
court ordered [community supervision] under Article 42.12." See Tex. Code Crim. Proc. Ann.
art. 55.01(a)(2)(B) (West Supp. 1999).

 In 1996, in the Bell County Court At Law, Retzlaff pleaded nolo contendere to the
misdemeanor offense of criminal attempt of harassment. The county court placed Retzlaff on
deferred adjudication community supervision for six months and ordered him to pay a $500 fine
and court costs. The court probated $400 of the fine and attached the conditions that there would
be no early release from community supervision and that Retzlaff was not to have any contact with
the victim.

 Retzlaff contends that because criminal attempt is a class C misdemeanor offense,
punishable by a fine only, the county court at law assessed deferred adjudication community
supervision under Texas Code of Criminal Procedure article 45.54 or 42.111 rather than article
42.12, the more general community supervision provision. Retzlaff contends that he is, therefore,
entitled to expunction of all related files and records. We disagree.

 Article 45.54 applies only to convictions in justice courts. See Act of May 18,
1987, 70th Leg., R.S., ch. 226, § 2, 1987 Tex. Gen. Laws 1523. Article 42.111 applies only
when a defendant convicted in justice court of a misdemeanor, punishable by a fine only, appeals
the conviction to a county court. See Tex. Code Crim. Proc. Ann. art. 42.111 (West Supp. 1999)
(emphasis added). The 1996 order placing Retzlaff under community supervision was a county
court at law order. Retzlaff was not convicted in justice court nor did he appeal a justice court
decision de novo to the county court at law.

 Article 42.12 defines "community supervision" as "the placement of a defendant
by a court under a continuum of programs and sanctions, with conditions imposed by the court
for a specified period during which criminal proceedings are deferred without an adjudication of
guilt." See id. at art. 42.12 § 2(2)(A) (West Supp. 1999). Upon receiving a plea of nolo
contendere to a misdemeanor offense, a judge may defer further proceedings without entering an
adjudication of guilt and place the defendant on community supervision. See id. at art. 42.12
§ 5(a) (West Supp. 1999). For purposes of the expunction statute, misdemeanor deferred
adjudication community supervision constitutes "court ordered supervision" under article 42.12. 
See Harris County Dist. Attorney's Office v. D.W.B., 860 S.W.2d 719, 721 (Tex. App.--Houston
[1st Dist.] 1993, no writ).

 We hold that neither article 42.111 or 45.54 applies because Retzlaff was not
convicted in justice court and did not appeal a justice court conviction de novo to a county court
with a resulting order of community supervision. The district court therefore did not err in
denying Retzlaff's request for expunction of the records related to the criminal attempt of
harassment because he received court ordered community supervision under article 42.12. We
overrule Retzlaff's third issue as it relates to cause number 2C95-5198.


Finding the Expunction Petition Frivolous

 In his fourth issue, Retzlaff contends that the trial court erred by declaring his
petition frivolous. We agree. The State conceded that Retzlaff was entitled to have the records
and files of five of the six causes expunged. Although we have determined that Retzlaff is not
entitled to expunction of the records and files related to the sixth cause, his petition was not based
upon an indisputably meritless legal theory. The petition was not frivolous. We sustain Retzlaff's
fourth issue. We reverse the portion of the district court's judgment declaring that Retzlaff's
expunction petition was frivolous and render judgment that it was not.


Conclusion


 Because of our disposition of the third and fourth issues, we need not address the
other issues raised on appeal. We reverse the portion of the district court's judgment denying the
expunction of records and files related to 2C97-1670, 2C97-1671, 2C97-1673, 2C97-1674, and
CC97-39714C, and remand the related portion of the cause to the district court for entry of an
order expunging the files and records related to those five causes. We reverse the district court's
declaration that Retzlaff's expunction petition was frivolous and render judgment that it was not.
We affirm the remaining portions of the district court's judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Remanded in Part; Reversed and Rendered in Part; Affirmed in Part

Filed: October 14, 1999

Do Not Publish



unty Court At Law, Retzlaff pleaded nolo contendere to the
misdemeanor offense of criminal attempt of harassment. The county court placed Retzlaff on
deferred adjudication community supervision for six months and ordered him to pay a $500 fine