NUMBER 13-02-030-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG



DARIO BARGAS, JR.,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.



On appeal from the 36th District Court
of San Patricio County, Texas.




OPINION

Before Justices Hinojosa, Castillo, and Chavez



Opinion by Justice Castillo

         Dario Bargas, Jr., brings this appeal from the trial court’s denial of his petition
to expunge his criminal record following Bargas’s acquittal by a jury. We reverse and
remand.
I. BACKGROUND
         A grand jury indicted Bargas for attempted murder and aggravated assault on
May 25, 2000. The matter proceeded to a jury trial in the 36th Judicial District Court,
San Patricio County, Texas. On January 30, 2001, the jury returned a verdict of not
guilty. A judgment acquitting Bargas of all charges was entered January 30, 2001.
         Article 55.02(1) of the Texas Code of Criminal Procedure requires that Bargas
raise his request for expunction in the trial court "presiding over the case in which the
defendant was acquitted." Tex. Code Crim. Proc. Ann. art. 55.02(1) (Vernon Supp.
2004-05). Article 55.02(2) requires that a petition for expunction be filed in the
district court in which the person was acquitted. See Ex parte Myers, 68 S.W.3d 229,
232 (Tex. App.–Texarkana 2002, no pet.). An expunction cannot be considered in
any court other than that specified in the statute, because the Legislature's designation
of venue is mandatory and jurisdictional. Id. On March 16, 2001, Bargas filed a
petition to expunge his arrest record in the 156th Judicial District Court, San Patricio
County, Texas. He alleged that he had been arrested and charged, but was entitled
to expunction because the indictment or information charging him had been dismissed
because of a mistake, false information or other similar reason indicating absence of
probable cause. The petition included a request for a hearing and alleged Bargas was
entitled to expunction because there was no final conviction, no court ordered
supervision, no conditional discharge, and he had not been convicted of a felony in the
five years preceding the date of arrest. 
         The response filed by the State asserted that the petition was factually
incorrect, in that the felony indictment had not been dismissed; instead it was
disposed of by acquittal after a jury trial.


 The State further alleged the petition for
expunction failed to satisfy the requirements of article 55.02 of the code of criminal
procedure and therefore should be denied. 
         On April 10, 2001, Bargas amended his petition for expunction to reflect the
indictment had been disposed of by acquittal, but did not specifically cite article 55.02
of the Code of Criminal Procedure. The State’s amended response (filed May 16,
2001) focused on Bargas’s continued failure to satisfy all requisites of article 55.02. 
Bargas subsequently filed his third amended petition on May 29, 2001.


 Bargas
sought the relief of expunction based upon his acquittal, and for the first time urged
that the trial court had failed to advise him of his right to expunction as required under
articles 55.02 and 55.05 of the code of criminal procedure. Tex. Code Crim. Proc.
Ann. arts. 55.02, 55.05 (Vernon Supp. 2004-05). He therefore requested waiver of
the statutory requirement that a hearing be held within thirty (30) days of acquittal. 
On that same day, May 29, 2001, Bargas also filed a motion to transfer the matter
from the 156th Judicial District Court


 to the 36th Judicial District Court, where the
underlying criminal matter had proceeded to trial. 
         No further action was taken in the matter until October 8, 2001, when a notice
of hearing was issued, scheduling the hearing for December 6, 2001. On December
7, 2001, a second notice was sent out, reflecting a hearing date of December 14,
2001. Both these hearing notices were issued by the 156th Judicial District Court. 
The hearing proceeded on December 14, 2001; the transcript reflects it was held
before the 156th Judicial District Court (Judge Yeager presiding). The order denying
Bargas’s petition was signed and entered December 26, 2001, by Judge Yeager,
though that order carries a caption indicating it emanated from the 36th Judicial
District Court. Bargas’s notice of appeal and all subsequent requests for clerk and
reporter records were filed in the 156th Judicial District Court. We find no signed
order of transfer, and note further that the court initially referred to itself as the 156th
Judicial District Court during the hearing. 
         Despite the confusion in the record, we determine that, as indicated in the
briefs of both Appellant and Appellee, Bargas did file in the appropriate district court
and this matter is properly on appeal from the 36th Judicial District Court. We base
this conclusion on the following facts: (1) all orders of the court are signed by Judge
Yeager; (2) Judge Yeager presided over the expunction hearing and signed the final
order denying the petition; (3) Judge Yeager presided over the earlier jury trial of
Bargas; (4) at the hearing on the expunction matter, Judge Yeager took judicial notice
that "this was the Court in which Mr. Bargas was acquitted" on January 30, 2001;
(5) the State had no objection to this conclusion; and (6) no party has raised this as
an issue on appeal. II. THE HEARING
         At the expunction hearing, the State, joined by the City of Portland, objected
that Bargas’s request for expunction was untimely, inasmuch as more than 30 days
had passed since Bargas’s acquittal. The judge determined that he would proceed
with the hearing, and Bargas was given the full opportunity to present his case. 
         Bargas testified that, although he had signed affidavits in support of his petition
and his amendments thereto, he could not guarantee that he had read them or that the
petitions did not inadvertently contain some error. The State contended that the first
petition in fact improperly requested expunction under the general provisions of the
expunction statute, and not until the third amended petition (filed May 29, 2001) did
Bargas claim that the trial judge had failed to follow the strict requirements of article
55.02. The State further contended, and Bargas agreed, that Bargas had been
represented at the underlying trial by three attorneys with considerable experience and
expertise in criminal law.
         After taking judicial notice that this same court had presided over the trial in
which Bargas had been acquitted, the trial court also took judicial notice that it had not
admonished Bargas with regard to expunction as provided in article 55.02 of the code
of criminal procedure. 
         Bargas’s attorney also testified at the hearing that, at the time of Bargas’s
acquittal, he was unaware of the statutory provision requiring that any hearing on
expunction be held within thirty (30) days of the acquittal. Bargas does not dispute
that the request for expunction was neither filed nor heard within thirty (30) days of
his acquittal.
         The State responded at the hearing that Bargas essentially "slumbered on his
rights" in failing to make a timely request, and that he was therefore barred from the
relief of expunction. The State further countered that, at the most, Bargas could argue
for a tolling of the "thirty day" period until he did learn of his right to request
expunction, but that he did not timely request an expunction hearing even under that
scenario. Counsel for the State stated: "I would urge the Court to go ahead and deny
the Petition for Expunction as not being timely heard by the Court." When later
questioned by the trial court, the State stated the court had no jurisdiction to grant an
expunction based upon an acquittal after the thirtieth day. The State further
responded that the subparts of article 55.01 were mutually exclusive: if all requisites
of article 55.01(a)(1)(A) were not met, and if Bargas did not qualify for expunction
under one of the other subparts of article 55.01, then he would not be entitled to
expunction. 
         Counsel for the City of Portland responded that article 55.01(a)(1)(A) did not
contemplate a civil proceeding, but rather that the matter be incorporated within the
underlying criminal case. He urged that waiver of the thirty (30) day requirement
would be inappropriate, first because it is a statutory requirement and the court had
no authority to waive the requirement, and second because "this is an individual for
whom notice was not necessary." Counsel for the City contended further that
because Bargas is an attorney and ostensibly familiar with the law, had represented
criminal defendants, and was represented in the underlying matter by counsel, there
was no need for the trial court to have provided the admonishment. 
          Bargas asserted that he had indeed requested a hearing in his original petition,
filed March 16, 2001. Bargas also argued that the court was required to admonish
him of his right to an expunction but had not done so, and that the thirty day limitation
applied to the trial court’s duty to act, not to the defendant. 
         All participants at the hearing, including the trial court, had some difficulty
determining which version of the statute was applicable to the matter at hand. The
trial court read the statute to require that Bargas’s request for expunction be part of
the underlying criminal proceeding, that the matter indicated a problem with
jurisdiction, and denied the petition for expunction. The parties were invited to, but
did not request, findings of fact or conclusions of law. 
III. ISSUE ON APPEAL
         Bargas brings one issue on appeal: "whether a trial court that fails to
admonish–regarding the new, statutory 30 day time limit for entering its order for
expunction of criminal records following acquittal–thereby loses its jurisdiction to
expunge, if a petitioner thereafter fails to file his petition to expunge within that 30
day window."
IV. JURISDICTION AND STANDARD OF REVIEW
         A court of appeals has jurisdiction under article V, section 6, of the Texas
Constitution and under Texas Civil Practice and Remedies Code section 51.012


 to
entertain an appeal from a district court order relating to expunction of arrest records. 
Tex. Const. art. V, § 6 (amended 1978); Tex. Civ. Prac. & Rem. Code Ann. § 51.012
(Vernon 1997); S.P. v. Dallas County Child Welfare Unit of Tex. Dep't of Human Res.,
577 S.W.2d 385, 387-88 (Tex. Civ. App.–1979, writ ref’d n.r.e.). A. The Statutory Provision for Expunction
         A central purpose of the expunction statute is to allow a fresh start to individuals
who have been wrongly charged. Harris County Dist. Attorney's Office v. J.T.S., 807
S.W.2d 572, 574 (Tex. 1991); Ex parte E.E.H., 869 S.W.2d 496, 498 (Tex.
App.–Houston [1st Dist.] 1993, writ denied); see also Heine v. Tex. Dep’t of Pub.
Safety, 92 S.W.3d 642, 648 (Tex. App.–Austin 2002, pet. denied) (articulating the
Legislature’s intent to cure the evils attendant to wrongful arrests). It is designed to
provide a means for those persons who have been arrested and indicted for a criminal
offense as a result of mistake, false information, or other reason indicating the absence
of probable cause for arrest or indictment, to expunge those records. State v. Arellano,
801 S.W.2d 128, 130 (Tex App.–San Antonio 1990, no writ). 
         The statute also provides that a person is entitled to expunction of his records
after an acquittal, so long as certain other conditions are satisfied. Tex. Rev. Civ. Stat.
Ann. art. 55.01(a)(1)(A) (Vernon Supp. 2004-05). The statute was amended and
expanded in 1993 by the Texas Legislature to make expunction specifically available
to "persons acquitted of or pardoned for offenses." Ex parte Current, 877 S.W.2d
833, 836 (Tex. App.–Waco 1994, no writ) (citing Act of May 29, 1993, 73rd Leg.,
R.S., ch. 900, § 7.02(a), (b), 1993 Tex. Gen. Laws 3763 (current version at Tex. Code
Crim. Proc. Ann. arts. 55.01 and 55.02) (Vernon Supp. 2004-05)). The Legislature
further provided that expunction was available to persons acquitted of or pardoned for
offenses "regardless of whether the offense was committed before, on, or after the
effective date of this article." Id. 
         Article 55.01 of the code of criminal procedure sets forth the substantive
parameters for a person’s right to expunction. Article 55.01(a)(1)(A), entitled "Right
to Expunction," at all times relevant to the underlying matter, provided that:
A person who has been arrested for commission of either a felony or
misdemeanor is entitled to have all records and files relating to the arrest
expunged if: (1) the person is tried for the offense for which the person
was arrested and is: (A) acquitted by the trial court, except as provided
by Subsection (c) of this section . . . 
 
Tex. Code Crim. Proc. Ann. art. 55.01(a)(1)(A) (amended by Act of June 18, 1999,
76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279, amended by Act of April
10, 2001, 77th Leg., R.S., ch. 1021 § 1, 2001 Tex. Gen. Laws 2236, 2238, amended
by Act of May 28, 2003, 78th Leg., R.S., ch.1236, § 1, 2003 Tex. Gen. Laws 3449,
3502.).


 Subsection (c) was amended in 1999 to provide that expunction will not be
available unless the person also establishes that he or she has not been convicted of
a felony in the five years preceding the date of the arrest. Tex. Code Crim. Proc. Ann. 
art. 55.01(c) (amended by Act of June 18, 1999, 76th Leg., R.S., ch. 1236, § 1,
1999 Tex. Gen. Laws 4279-80). 
         Article 55.02 was similarly amended in 1999 to alter the procedure by which a
defendant might secure expunction: 
At the request of the defendant and after notice to the state and a
hearing,


 the trial court presiding over the case in which the defendant
was acquitted shall enter an order of expunction for a person entitled to
expunction under art. 55.01(a)(1)(A) not later than the thirtieth (30th) day
after the date of the acquittal. Upon acquittal, the trial court shall advise
the defendant of the right to expunction. The defendant shall provide to
the court all of the information required under Section 2(b).
 
Tex. Code Crim. Proc. Ann. art. 55.02(1) (amended by Act of June 18, 1999, 76th
Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4280-82, amended by Act of May
28, 2003, 78th Leg., R.S., ch. 404, § 1, 2003 Tex. Gen. Laws 1652, 1653).


 Article
55.02(2) sets forth the very specific components that must be included in any petition
for expunction.
         However, our inquiry does not stop here. We must also note that substantive
portions of the expunction statute were further amended in 2003, after the events in
issue here. These amendments created two versions of article 55.02 section (a)(2). 
See Act of June 18, 2003, 78th Leg., R.S., ch. 339, §§ 2, 3, 2003 Tex. Gen. Laws
1490-91 (effective September 1, 2003), and Act of June 20, 2003, 78th Leg., R.S.,
ch. 1236, § 2, 2003 Tex. Gen. Laws 3500. This latter act also amended article 55.01,
section 1, and article 55.03, section 3. See id., 2003 Tex. Gen. Laws 3499, 3500. 
         This latter Act operated to eliminate the distinction in procedure that previously
existed for persons qualifying for expunction under either article 55.01(a)(1)(A), 
55.01(a)(1)(B), or 55.01(b). See Act of June 20, 2003, 78th Leg., R.S., ch. 1236,
§ 2, 2003 Tex. Gen. Laws 3500. This version of article 55.02(2) provides that a
person who is entitled to expunction of records and files under article 55.01(a) or (d),
or a person who is eligible for expunction of records and files under article 55.01(b),
may file an ex parte petition in a district court in the county where the offense was
alleged to have occurred. Id. This is the procedure Bargas appears to have followed. 
Importantly, we note further that Chapter 1236, although effective September 1, 2003,
was expressly made retroactive:
The changes in law made by this Act to Chapter 55, Code of Criminal
Procedure, apply to a person seeking expunction of records and files
relating to an arrest regardless of whether the arrest occurred before, on,
or after the effective date of this Act. 
 
Act of June 20, 2003, 78th Leg., R.S., ch. 1236, § 6(a), 2003 Tex. Gen. Laws 3502. B. Standard of Review
         We generally review the granting or denial of expunction under an abuse of
discretion standard. Heine, 92 S.W.3d at 646. Many expunction proceedings fall
under section 55.01(b), which provides that the trial court "may" expunge the records. 
An applicant who meets these criteria places the decision on the motion to expunge
within the sound discretion of the trial court. Ex Parte Current, 877 S.W.2d at 836. 
However, this matter, involving an acquittal, falls under article 55.01(a). The sections
of the statute are distinctly different, with article 55.01(a) providing an entitlement to
expunction of criminal records. See Tex. Code Crim. Proc. Ann. art. 55.01(a) (Vernon
Supp. 2004-05). Once an applicant demonstrates his eligibility under the provisions
of this section, the court has no discretion to refuse to order the records expunged. Ex
Parte Current, 877 S.W.2d at 836; see also Heine, 92 S.W.3d at 648. The court
similarly must comply with the statutorily required admonishment. Tex. Code Crim.
Proc. Ann. art. 55.01(a) (Vernon Supp. 2004-05). 
         In the circumstances of this case, there are no issues of fact in dispute. Instead,
we are reviewing the impact of the trial court’s failure to properly admonish Bargas, and
Bargas’s entitlement to expunction where the request for and hearing on expunction did
not occur within the thirty (30) day time frame specified by article 55.02(1). Because
the only issue presented for review is one of statutory construction, involving purely
legal determinations, the proper standard of review is de novo. See Tex. Dep't of
Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Walker v. Packer, 827 S.W.2d.
833, 840 (Tex. 1992); Tex. Dep’t of Pub. Safety v. Loeb, 149 S.W.3d 741, 743 (Tex.
App.–Austin 2004, no pet.). 
VI. ANALYSIS
A. There Is No Constitutional Issue
         We note first Bargas’s suggestion, articulated in his prayer for relief, that the
refusal of the trial court to expunge his criminal records in effect denied him due
process. We reject that contention, and find no question of a constitutional level in this
appeal. The right to expunction is neither a common law nor a constitutional right;
rather, it exists as a statutory privilege which is granted and therefore can be limited
by the Legislature. McCarroll v. Tex. Dep’t of Pub. Safety, 86 S.W.3d 376, 378 (Tex.
App.–Fort Worth 2002, no pet.); State v. Autumn Hills Ctrs., Inc., 705 S.W.2d 181,
182 (Tex. App.–Houston [14th Dist.] 1985, no writ).
B. Expunction is Not Barred By a Lack of Jurisdiction1. Petitioner’s Burden
         Bargas is entitled to expunction only if all the statutory conditions are met. Tex.
Dep't of Pub. Safety v. Williams, 76 S.W.3d 647, 650 (Tex. App.–Corpus Christi
2002, no pet.); Harris County Dist. Attorney's Office v. D.W.B., 860 S.W.2d 719, 721
(Tex. App.–Houston [1st Dist.] 1993, no writ). Where a cause of action is derived
solely from a statute, the statutory provisions are mandatory, exclusive, and must be
complied with or the action is not maintainable. Autumn Hills, 705 S.W.2d at 182
(citing Schwantz v. Texas Dep’t of Pub. Safety, 415 S.W.2d 12, 15 (Tex. Civ.
App.–Waco 1967, writ ref’d)); Rowden v. Tex. Catastrophe Prop. Ins. Ass’n, 677
S.W.2d 83, 87 (Tex. App.–Corpus Christi 1984, writ ref’d n.r.e.). Because expunction
is a statutorily created remedy, strict compliance with the statute is required;
substantial compliance with statutory expunction requirements will not suffice. Carson
v. State, 65 S.W.3d 774, 781-82 (Tex. App.–Fort Worth 2001, no pet.). By the same
token, the expunction statute is remedial in nature and should be given the most
comprehensive construction possible. Id. at 780.
         Additionally, an expunction proceeding is civil rather than criminal in nature, and
the burden of proving compliance with statutory conditions rests solely with the
petitioner. See Houston Police Dep’t v. Berkowitz, 95 S.W.3d 457, 460 (Tex.
App.–Houston [1st Dist.] 2002, pet. denied); Heine, 92 S.W.3d at 646; McCarroll, 86
S.W.3d at 378; Kendall v. State, 997 S.W.2d 630, 631 (Tex. App.–Dallas 1998, pet.
denied); Ex parte Scott, 818 S.W.2d 226, 227 (Tex. App.–Corpus Christi 1991, no
writ). At an expunction hearing, each law enforcement agency cited is entitled to
represent itself, and any reversal of an expunction order must encompass all agencies
in possession of relevant criminal records. Tex. Dep’t of Pub. Safety v. Deck, 954
S.W.2d 108, 113 (Tex. App.–San Antonio 1997, no writ) (en banc). 
2. Statutory Construction
         Our primary objective when construing a statute is to ascertain and give effect
to the Legislature's intent. See McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex.
2003); Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex. 2000); Tex. Gov't Code Ann.
§§ 311.021, 311.023, 312.005 (Vernon 1998). In discerning that intent, we begin
with the plain and common meaning of the statute's words. McIntyre, 109 S.W.3d at
745. We must read the statute as a whole and not just isolated portions. See City of
San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). If the statutory
language is unambiguous, we must interpret it according to its terms, giving meaning
to the language consistent with other provisions in the statute. See McIntyre, 109
S.W.3d at 745. We also consider the objective the law seeks to obtain and the
consequences of a particular construction. Tex. Gov't Code Ann. § 311.023 (1), (5)
(Vernon 1998); see also McIntyre, 109 S.W.3d at 745. When interpreting a statute,
we are required to interpret an unambiguous statute literally, unless doing so would lead
to an absurd result. See Griffith v. State, 116 S.W.3d 782, 785 (Tex. Crim. App.
2003). Only when a literal reading of the statute leads to an absurd result will we
resort to the use of extra-textual factors to determine legislative intent. Id. We
presume that the Legislature would not do a useless act. Webb County Appraisal Dist.
v. New Laredo Hotel, Inc., 792 S.W.2d 952, 954 (Tex. 1990). 
         A court has no equitable power or discretion to extend the clear meaning of the
expunction statute. Thomas v. State, 916 S.W.2d 540, 543 (Tex. App.–Waco 1995,
no writ); Harris County Dist. Attorney’s Office v. M.G.G., 866 S.W.2d 796, 798 (Tex.
App.–Houston [14th Dist.] 1993, no writ) (opin. on reh’g); Herron v. State, 821
S.W.2d 329, 330 (Tex. App.–Dallas 1991, no writ); Knight, 813 S.W.2d at 212. We
remain mindful, however, that because the statue is remedial it is to be construed
liberally. Arellano, 801 S.W.2d at 130. 
3. The Trial Court Did Not Lack Jurisdiction Over the Expunction Proceeding
         Bargas, on the face of his petition, was entitled to expunction of his criminal
records under section 55.01(a)(1)(A) as it is currently written (which derives from the
1999 amendment). See Act of June 18, 1999, 76th Leg., R.S., ch.1236, § 1, 1999
Tex. Gen. Laws 4279. As noted above, qualification for expunction under this section
amounts to an entitlement to expunction. When article 55.01 was expanded by the
Legislature in 1993 to extend the relief of expunction to those who had been acquitted
(Act of June 19, 1993, R.S., ch. 900, § 7.02(a), 1993 Tex. Gen. Laws 3763), it was
also made retroactive. Id. at § 7.02(b). We interpret that legislative intent to mean
that this provision be liberally construed or broadly applied. 
         Bargas was denied expunction based upon his failure to comply with art.
55.02(1), which prescribes the procedural protocol for bringing a request for expunction
to the trial court when a defendant has been acquitted. However, as we discussed
above, 2003 amendments to Chapter 55 of the code of criminal procedure included
changes that necessarily impact persons acquitted of a crime, and they now also fall
within the parameters of article 55.02(2), as amended. The amendment eliminated the
distinction in procedure which previously existed, depending upon whether the
petitioner qualified for expunction under articles 55.01(a)(1)(A), 55.01(a)(1)(B), art.
55.01(b), or art. 55.01(d). See Act of June 20, 2003, 78th Leg., R.S., ch. 1236 §§
1, 2, 2003 Tex. Gen. Laws 3499-3500. Further, this 2003 amendment was made to
apply retroactively. Id. at § 6, 2003 Tex. Gen. Laws 3502.



         Bargas’s petition was therefore impacted by this amendment which broadened
the availability of relief under article 55.02(2) so that it now extends to persons who
qualify for expunction under 55.01(a)(1)(A). A person who has been acquitted of a
crime is also necessarily a person who was arrested. We conclude that article
55.02(2), as amended, does apply to Bargas, albeit by retroactive application of the
law. We therefore construe this amendment to the statute to provide that Bargas was
entitled to bring an ex parte petition for expunction in the court in which the offense
was alleged to have occurred. Bargas is no longer limited to the single procedure set
out in article 55.02(1), bringing the matter forward in the underlying criminal matter
and resolving it within thirty days of acquittal. Therefore, any failure by Bargas to
strictly adhere to the requirements of article 55.02(1) will not preclude him from the
relief of expunction. This position is consistent with the basic rule that a procedure to
request an expunction is a civil matter, and not a criminal one. It is further consistent
with the legislative intent to make expunction broadly available to those who have been
either acquitted, or wrongfully arrested. 
         We therefore determine that the trial court had jurisdiction to review and decide
Bargas’s petition for expunction. We have already concluded that the petition was filed
in a proper district court. 3. The Applicable Procedure and Legislative Intent
         Article 55.02(1) sets forth a procedure by which a defendant who is acquitted
is entitled to virtually automatic expunction. Certain prerequisites must be satisfied,
including the provision of adequate information to the trial court. Article 55.02(1)
requires that the trial court admonish the acquitted defendant of his right to expunction,
and further that expunction be addressed and entered within thirty (30) days of the
acquittal. The apparent legislative intent is that an acquitted defendant is entitled to
have his record cleared as expeditiously as possible. The legislative amendments of this
portion of the law have been directed to either expanding availability of expunction or
to facilitating the procedure by which expunction may be obtained. We interpret the
amendments of 1999, which incorporated the thirty day limitation, as an effort to
expedite access to the remedy of expunction and not as an effort to narrow its
availability. This interpretation is reinforced by the Legislature’s subsequent
amendments in 2003. 
         We must next determine whether the retroactive amendment to article
55.02(2)(a), applying as it does to Bargas’s petition, provides for an alternative by
which there is no requirement that expunction occur within thirty days of acquittal or
the right to expunction is otherwise lost. The State argues that Bargas essentially
"slumbered on his rights" in failing to make a timely request which would bar him from
this relief. 
         We conclude that a petition for expunction under article 55.02(2)(a) has no thirty
day time limit on the availability of this remedy.
         At the hearing, the trial court inquired not only as to its jurisdiction to grant
expunction, but also as to the applicability of article 55.02(2)(c). This provision (which
has not been modified since the events in question) requires that a hearing be set on
a petition for expunction no sooner than thirty days from the filing of the petition. Tex.
Code Crim. Proc. Ann. art. 55.02(c) (Vernon Supp. 2004-05). The record reflects that
this provision may have been confused with that part of article 55.02(1) which calls
for a hearing no later than thirty days from the date of acquittal. Tex. Code Crim.
Proc. Ann. art. 55.02(1) (Vernon Supp. 2004-05). All parties in this matter agree that
proper notice was provided to all state agencies, and that the hearing did not occur
sooner than thirty days from the filing of the petition.


 
VII. CONCLUSION
         We conclude that the subsequent 2003 amendment to article 55.02 (Act of June
20, 2003, 78th Leg., ch. 1236, §§ 1, 2, 6, 2003 Tex. Gen. Laws 3499-3500)
extended availability of the procedure identified in article 55.02(2) to individuals entitled
to expunction under article 55.01(a)(1)(A). We further conclude that the 2003
amendment is to be applied retroactively. Id. at § 6, 2003 Tex. Gen. Laws 3502.
         We therefore conclude that the trial court had jurisdiction to hear Bargas’s
petition for expunction, and that the expunction was not barred by Bargas’s failure to
either bring the matter forward in the underlying criminal matter, or to request and
secure a hearing and ruling on the expunction within thirty days of the acquittal. We
conclude that the error complained of "probably caused the rendition of an improper
judgment" and is therefore reversible error. Tex. R. App. P. 44.1(a)(1). Because we
reach this conclusion, we need not assess the impact of the trial court’s failure to
properly admonish Bargas.
         We reverse and remand. 
 
 ERRLINDA CASTILLO
                                                                        Justice
 
Opinion delivered and filed
this 12th day of May, 2005.