

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00025-CV
_____

**EX PARTE G.G.**

On Appeal from the 299th District Court
Travis County, Texas
Trial Court No. D-1-EX-14-000919; Honorable Karen Sage, Presiding

May 18, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

This is a restricted appeal brought by the Comal County District Attorney's Office, stemming from the entry of an *Order Granting Expunction*, granted pursuant to the provisions of Chapter 55 of the Texas Code of Criminal Procedure. Originally appealed to the Third Court of Appeals in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).[1] Finding that the trial court erred by entering the order in question, we reverse and render.

---

[1] We are unaware of any conflict between the precedent of this Court and that of the Third Court of Appeals on any relevant issue. *See* TEX. R. APP. P. 41.3.

On October 21, 2014, without the benefit of a jury trial or a non-jury hearing, the judge of the 299th District Court of Travis County signed an order directing the expunction of certain portions of records being held by the Comal County District Attorney's Office, among others, reflecting to the "erroneous arrest and/or conviction information of [G.G.], Applicant." In that order, the trial court found that G.G. was entitled to have his name, date of birth, social security number, Texas driver's license number, and all other personal identifiers expunged from the arrest records of Richard Guggenmos, SID # TXxxxx0571, because Richard had falsely identified himself as G.G. when arrested in Comal County. According to the *Petition for Expunction*, filed by an Assistant District Attorney of the Travis County District Attorney's Office, G.G. was entitled to the expunction of his identification information because he "meets the conditions of CCP, Chapter 55, Section 2(e)," and he was otherwise entitled to an expunction as mandated by the provisions of "Art. 55.02(2a)."[2]

There is no common law or constitutional right to the expunction of information contained in public records. *State v. Autumn Hills Centers, Inc.*, 705 S.W.2d 181 (Tex. App.—Houston [14th Dist.] 1985, no writ). The right to expunction is a statutory privilege which is granted by the Legislature and, as such, a person is entitled to expunction only when the exclusive and mandatory conditions have been met. *Tex. Dep't of Pub. Safety v. Wallace,* 63 S.W.3d 805 (Tex. App.—Austin 2001, no pet.).

---

[2]Because there is no "Chapter 55, Section 2(e)" in the Texas Code of Criminal Procedure, nor is there a provision numbered "Art. 55.02(2a)," we will construe the pleadings as referring to Article 55.02, sections (2)(e) and (2)(a) respectively. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 (West Supp. 2014).

Here, G.G. sought the expunction of portions of the arrest records of a third person, Richard Guggenmos, because the records erroneously identified G.G. as the person being arrested for certain identified offenses. Article 55.01 of the Texas Code of Criminal Procedure provides that *a person who has been placed under a custodial or noncustodial arrest* for the commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if that person meets certain statutory conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2014). Although an evidentiary hearing was never held, the trial court found that the arrest records being maintained by Appellant and others contained "erroneous" arrest information. Specifically, the trial court found that G.G. was not the person who was arrested and that Richard Guggenmos had falsely identified himself as G.G. when he was arrested. Since G.G. was not the *person who has been placed under a custodial or noncustodial arrest,* he was not entitled to the benefits of the expunction statute. *Autumn Hills Centers, Inc.*, 705 S.W.2d at 183. As such, the trial court erred in ordering the partial expunction of G.G.'s identifiers from the criminal arrest records of Richard Guggenmos.

CONCLUSION

The issue of the Comal County District Attorney's Office is sustained. The judgment of the trial court is reversed and a judgment denying the relief requested is rendered.

Per Curiam

3