**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE,**
Appellant,

v.

**John Barkley BURNS, Appellee.**

**No. B14–90–01166–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1992.

Rehearing Denied March 12, 1992.

William J. Delmore, III, Houston, for appellant.

Thomas R. Steinmeier, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from an order granting appellee expunction of his criminal record. The judgment of the trial court is affirmed.

Appellee is a bail bondsman in Harris County, Texas. In the winter of 1989, he was notified by the Harris County Bail Bond Board that his license was subject to revocation for allegedly making a bond outside of the county in which he was licensed to do business. Appellee hired an attorney, Debra Danburg, to represent him before the Board. Ms. Danburg was a member of the state legislature, and on the date of the hearing she was in attendance at a duly called session of the Texas Legislature.

Prior to the April and May 1989 Board meetings, appellee filed motions for legislative continuance, which the Board subsequently refused to consider. Instead, appellee was compelled to testify under oath at the hearings pursuant to a statute which states in relevant part:

The board may, after notice and hearing, suspend or revoke a license for:

\* \* \* \* \* \*

(2) ... *refusing to answer any question submitted by the board in a hearing relevant to the license or the conduct or qualifications of the licensee or applicant;*

TEX.REV.CIV.STAT.ANN. art. 2372p–3, sec. 9(b)(2) (Vernon Supp.1989) (emphasis added).

At the conclusion of the hearings, the Board voted to revoke appellee's license. Appellee filed a petition for writ of mandamus with the district court, which the court granted, requiring the Board to vacate its orders overruling appellee's motions for legislative continuance and revoking his license. The issuance of mandamus was later affirmed by this court in *Harris County Bail Bond Board v. Burns*, 790 S.W.2d 862 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

In September of 1989, after mandamus had issued, but while the Board's appeal was still pending before this court, a Harris County grand jury returned a true bill of indictment, charging appellee with aggravated perjury for statements made by him without the assistance of counsel at the April and May 1989 hearings before the Board. Also, at this time, the Board notified appellee of yet another pending action to suspend or revoke his license based on the alleged false statements made at the April and May hearings.

On September 13, appellee surrendered to the custody of the bailiff for the 262nd District Court, appeared before the judge, and was released on a personal bond.

Appellee filed a motion to suppress evidence on the grounds that the statements that he was charged with making at the Board hearings were the product of a violation of his right to counsel. Appellee also filed a motion to dismiss the indictment, claiming that the indictment incorrectly stated that the allegedly false statements were material to an official proceeding, as required to sustain an indictment for aggravated perjury under TEX.PENAL CODE ANN. § 37.03 (Vernon 1974). The court conducted a hearing on both motions on October 20, 1989. After granting appellee's motion to suppress, the court noted that it lacked the power to dismiss an indictment except on a motion by the State and suggested that appellee's motion be treated as one to quash the indictment. At the conclusion of the hearing, the court stated that it was quashing the indictment on the grounds suggested in appellee's motion to dismiss. An order was signed to that effect, including a handwritten clarification by the judge stating, "Treated as motion to quash, the motion is granted."

On November 7, the court clerk contacted appellant to determine whether the State intended to proceed further against appellee. Appellant informed the court that the State did not and filed a motion to dismiss the pending action, citing as the reason for dismissal the court's previous suppression of the evidence. The motion was granted by the court, and the cause of action was dismissed on that date.

Almost eight months later, on July 3, 1990, appellee filed a petition for expunction of his criminal record related to the dismissed indictment. Evidentiary hearings were conducted on September 14 and November 2, after which the court ordered appellant and other specified agencies to expunge their records of appellee's arrest and prosecution for the aggravated perjury offense. This appeal followed.

■■■ Appellant claims that the trial court erred in granting appellee an expunction, arguing that all of the statutory requirements for expunction have not been satisfied. Article 55.01 of the Texas Code of Criminal Procedure provides in relevant part as follows:

A person who has been arrested for commission of ... a felony ... is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment ... charging him with commission of a felony was presented, ... dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense....

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon 1989). The right to expunction is neither a common law nor a constitutional right, but rather is a statutory privilege. *State v. Autumn Hills Centers, Inc.*, 705 S.W.2d 181, 182 (Tex.App.—Houston [14th Dist.] 1985, no writ). Where a cause of action is derived solely from a statute, the statutory provisions are mandatory and exclusive and must be complied with or the action is not maintainable. *Id.* A person is thus entitled to expunction only when all the statutory conditions of the article have been met. The court has no equitable power to extend the clear meaning of the statute. *Texas Department of Public Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ).

■■■ In his first point of error, appellant contends that the trial court erred in granting expunction since there was no evidence that appellee's felony indictment was dismissed for one of the reasons set out in Article 55.01(1) or even that the indictment was "dismissed" at all. Because the record before this court does not contain any findings of fact or conclusions of law, all facts necessary to support the judgment of the trial court must be implied. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). The judgment of the trial court must be affirmed if it can be upheld on any reasonable theory supported by the evidence. *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 704 (Tex.App.—Houston [1st Dist.] 1986, no writ).

■ Appellant argues that appellee's indictment was not "dismissed" by the trial court and that the court in fact had no authority to dismiss the indictment. Instead, appellant claims that the indictment was impermissibly "quashed," and such being the case, appellee was not entitled to expunction under Article 55.01(1). The Court of Criminal Appeals has recently held that there is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent. *State v. Johnson,* 821 S.W.2d 609, 613 (Tex. Crim.App.1991). Thus, the trial court's granting of appellee's Motion to Dismiss, treating it as a "motion to quash," did not satisfy the requirement of the expunction statute that appellee's indictment be "dismissed." Shortly after the conclusion of the hearings on appellee's motions, however, appellant filed a motion to dismiss, citing the trial court's prior suppression of evidence as the reason for dismissal. This motion was subsequently granted by the court.

In a creative attempt to undo the effect of its' requested dismissal, appellant argues that since the indictment had been "quashed" prior to the State's filing of the motion to dismiss, nothing was pending and no "dismissal" of the indictment could have occurred. Appellant claims that after the "quashing," the indictment no longer existed and thus could not be dismissed. No authority, however, is offered for this proposition. To the contrary, the Texas Code of Criminal Procedure gives the attorney representing the State the authority to "dismiss a criminal action, by permission of the court, *at any time* upon filing a written statement ... setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal." Tex.Code Crim.Proc.Ann. art. 32.02 (Vernon 1966). Appellee's indictment was effectively and properly "dismissed" by the court upon appellant's motion filed subsequent to the "quashing" of the indictment. This was done before the District Court lost jurisdiction. Thus, the requirement that the indictment be "dismissed" was satisfied.

■ Next, appellant contends that the subsequent dismissal of the proceedings in the present case was not based upon probable cause. Appellee's indictment for aggravated perjury must have been dismissed for one of the reasons listed in paragraph 1 of Article 55.01. This requires both that mistake, false information, or similar reason cause the "presentment" *and* that the wrongful or mistaken "presentment" cause the dismissal. *State v. Sink,* 685 S.W.2d 403, 405 (Tex.App.—Dallas 1985, no writ).

The State's motion to dismiss cited the suppression of evidence by the trial court as a reason for requesting dismissal. The trial judge made the following statements when ruling on the motion to suppress:

My ruling is this, the motion is granted. You can't put a man in the position of not answering questions or lose his license. Even—and not recognizing his right to an attorney at such a hearing to see that his rights are upheld. And then take his license away if he doesn't answer questions. You can't put a man in a box like that. Absolutely not. Motion to suppress is granted.

In effect, the trial judge recognized that the April and May 1989 hearings before the Bail Bond Board were illegal because appellee was wrongfully denied the assistance of counsel at these hearings. Appellee was indicted under Tex.Penal Code Ann. § 37.03 (Vernon 1974). Pursuant to this statute:

(a) A person commits an offense if he commits perjury as defined in Section 37.02 of this code, and the false statement:

(1) is made during or in connection with an official proceeding; and

(2) is material.

Since the proceedings before the Board were illegal, the State could not indict appellee for statements made during such proceedings. This not only shows that there was insufficient evidence to convict beyond a reasonable doubt, as appellant suggests, but also that there was lack of probable cause to indict. Thus, appellant's wrongful or mistaken belief that the statements were made "in connection with an

official proceeding" caused the presentment, and the fact of wrongful or mistaken presentment caused the dismissal.

The trial judge had the benefit of, and was entitled to rely on, records of the hearings on appellee's motion to suppress and motion to quash. It is assumed that the judge considered this evidence in deciding to grant the expunction. There is thus a reasonable theory, supported by the evidence, under which one can find that appellee's indictment was dismissed entitling appellee to expunction under the statute. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the evidence was insufficient to support the finding that the appellee had actually been "arrested." This is a threshold requirement under the expunction statute. In support of this contention, appellant cites language from the decision of this court in *Autumn Hills Centers* stating that a person is arrested when he has actually been placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant. *Autumn Hills Centers*, 705 S.W.2d at 182. Appellant wrongly relies on this language. *Autumn Hills* involved a situation in which a corporation sought expunction of a criminal record in a Harris County court after surrendering to authorities in Galveston County. This court recognized that the expunction statute requires the petition for expunction to be filed "in a district court for the county in which he was arrested." TEX.CODE CRIM.PROC.ANN. art. 55.02 (Vernon 1989). This court stated that the appellees could not have been arrested in Harris County because they were not in contact with a person there with sufficient authority to arrest them. *Autumn Hills Centers*, 705 S.W.2d at 182. Further, this court held that a corporation is not entitled to the benefits of the expunction statute, since a corporation cannot be "arrested."

Here, when appellee learned of the existence of the warrant for his arrest, he surrendered himself to the bailiff of the 262nd District Court in Harris County. After the bailiff verified that the warrant had been issued by that particular court, he told appellee to sit in a chair and wait. Appellee did so until he was brought before the judge approximately one hour later and released on a personal recognizance bond. An arrest is complete whenever a person's freedom of movement is restricted or restrained. *Maldonado v. State*, 528 S.W.2d 234, 237 (Tex.Crim.App.1975). When appellee surrendered to the bailiff, he did not feel free to leave until the court permitted him to do so. Thus, he was "arrested" for purposes of the expunction statute. The fact that he was "released" on a personal recognizance bond further shows he had been arrested. He could not be "released from official custody" unless he had first been "arrested." Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.