TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00104-CV






Texas Department of Public Safety, Appellant



v.



Sean Michael Wallace, Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 2000V-212, HONORABLE DAN R. BECK, JUDGE PRESIDING







 The Texas Department of Public Safety (the "Department") appeals the district
court's expunction order related to all files and records of Sean Michael Wallace's April 1999 arrest
for misdemeanor theft. See Tex. Code Crim. Proc. Ann. § 55.01(a) (West Supp. 2001). By a single
issue, the Department contends that because Wallace was placed on deferred-adjudication
community supervision following his arrest the district court erred in expunging Wallace's arrest
records. We will reverse the district court's expunction order and render judgment denying
expunction.

 On April 29, 1999, Wallace was charged with misdemeanor theft. The next day he
was arrested by La Grange police officers. Wallace pleaded nolo contendere to the offense and the
court placed him on deferred-adjudication community supervision for one year. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2001). After Wallace complied with the terms and
conditions of his community supervision, he was discharged from supervision, and on August 17,
2000, the court granted the State's motion to dismiss the misdemeanor theft charges. In November
2000, following a hearing the district court granted Wallace's request for expunction of all files and
records related to his arrest for the misdemeanor theft charge. The Department appeals. (1)

 The right to expunction is a statutory privilege. State v. Knight, 813 S.W.2d 210, 212
(Tex. App.--Houston [14th Dist] 1991, no writ); State v. Autumn Hills Center, Inc., 705 S.W.2d181,
182 (Tex. App.--Houston [14th Dist.] 1985, no writ). In a statutory cause of action, all provisions
are mandatory and exclusive, and a person is entitled to expunction only when all of the conditions
have been met. Harris County Dist. Atty's Office v. Burns, 825 S.W.2d 198, 202 (Tex.
App.--Houston [14th Dist.] 1992, writ denied). 

 Wallace sought expunction of his arrest records pursuant to Code of Criminal
Procedure article 55.01(a)(2). Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2001). The
statute provides that a person who has been arrested for commission of either a felony or
misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the
following conditions exist: 

(A) an indictment or information charging the person with commission of a felony
has not been presented against the person for an offense arising out of the
transaction for which the person was arrested or, if an indictment or information
charging the person with commission of a felony was presented, it has been
dismissed and the court finds that it was dismissed because the presentment had
been made because of mistake, false information, or other similar reason
indicating absence of probable cause at the time of the dismissal to believe the
person committed the offense or because it was void; 

(B) the person has been released and the charge, if any, has not resulted in a final
conviction and is no longer pending and there was no court ordered community
supervision under Article 42.12 of this code; and


(C) the person has not been convicted of a felony in the five years preceding the date
of the arrest.



Id. (Emphasis added.)

 The only clause of the statutory expunction provision at issue is article 55.01(a)(2)(B). 
The Department contends that because the court placed Wallace on deferred-adjudication community
supervision, the records related to his arrest for the misdemeanor theft charge cannot be expunged. 
We agree.

 The expunction statute addresses only "court ordered community supervision." Id.
The community supervision statute discusses community supervision as something a judge may
order or a jury may recommend. Id. art. 42.12, §§ 3, 4. Under article 42.12, section 5, after a
defendant pleads nolo contendere to a misdemeanor offense, the judge may order that the defendant
be placed on deferred-adjudication community supervision thereby deferring further proceedings
without adjudicating guilt. See id. § 5. Misdemeanor deferred-adjudication constitutes "court
ordered community supervision" under article 42.12 for purposes of the expunction statute and
renders a defendant ineligible for expunction of arrest records. See Harris County Dist. Attorney's
Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991); Ex parte P.D.H., 823 S.W.2d 791, 792-93 (Tex.
App.--Houston [14th Dist.] 1992, no writ).

 Wallace's completion of deferred-adjudication community supervision and a
dismissal of the misdemeanor theft charge against him does not entitle him to expunction of the
related arrest records. State v. Gamble, 692 S.W.2d 200, 202 (Tex. App.--Fort Worth 1985, no
writ). The Department's issue is sustained.

 The district court's order granting expunction is reversed and judgment is rendered
that the petition for expunction is denied.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Rendered

Filed: November 8, 2001

Publish

1.   Wallace did not file an appellee's brief.