# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00104-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Sean Michael Wallace, Appellee**

## FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
## NO. 2000V-212, HONORABLE DAN R. BECK, JUDGE PRESIDING

The Texas Department of Public Safety (the "Department") appeals the district court's expunction order related to all files and records of Sean Michael Wallace's April 1999 arrest for misdemeanor theft. *See* Tex. Code Crim. Proc. Ann. § 55.01(a) (West Supp. 2001). By a single issue, the Department contends that because Wallace was placed on deferred-adjudication community supervision following his arrest the district court erred in expunging Wallace's arrest records. We will reverse the district court's expunction order and render judgment denying expunction.

On April 29, 1999, Wallace was charged with misdemeanor theft. The next day he was arrested by La Grange police officers. Wallace pleaded *nolo contendere* to the offense and the court placed him on deferred-adjudication community supervision for one year. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2001). After Wallace complied with the terms and conditions of his community supervision, he was discharged from supervision, and on August 17, 2000, the court granted the State's motion to dismiss the misdemeanor theft charges. In November 2000, following

a hearing the district court granted Wallace's request for expunction of all files and records related to his arrest for the misdemeanor theft charge. The Department appeals.[1]

The right to expunction is a statutory privilege. *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist] 1991, no writ); *State v. Autumn Hills Center, Inc.*, 705 S.W.2d 181, 182 (Tex. App.—Houston [14th Dist.] 1985, no writ). In a statutory cause of action, all provisions are mandatory and exclusive, and a person is entitled to expunction only when all of the conditions have been met. *Harris County Dist. Atty's Office v. Burns*, 825 S.W.2d 198, 202 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

Wallace sought expunction of his arrest records pursuant to Code of Criminal Procedure article 55.01(a)(2). Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2001). The statute provides that a person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12 of this code*; and

---

[1] Wallace did not file an appellee's brief.

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* (Emphasis added.)

The only clause of the statutory expunction provision at issue is article 55.01(a)(2)(B). The Department contends that because the court placed Wallace on deferred-adjudication community supervision, the records related to his arrest for the misdemeanor theft charge cannot be expunged. We agree.

The expunction statute addresses only "court ordered community supervision." *Id.* The community supervision statute discusses community supervision as something a judge may order or a jury may recommend. *Id.* art. 42.12, §§ 3, 4. Under article 42.12, section 5, after a defendant pleads *nolo contendere* to a misdemeanor offense, the judge may order that the defendant be placed on deferred-adjudication community supervision thereby deferring further proceedings without adjudicating guilt. *See id.* § 5. Misdemeanor deferred-adjudication constitutes "court ordered community supervision" under article 42.12 for purposes of the expunction statute and renders a defendant ineligible for expunction of arrest records. *See Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Ex parte P.D.H.*, 823 S.W.2d 791, 792-93 (Tex. App.—Houston [14th Dist.] 1992, no writ).

Wallace's completion of deferred-adjudication community supervision and a dismissal of the misdemeanor theft charge against him does not entitle him to expunction of the related arrest records. *State v. Gamble*, 692 S.W.2d 200, 202 (Tex. App.—Fort Worth 1985, no writ). The Department's issue is sustained.

3

The district court's order granting expunction is reversed and judgment is rendered that the petition for expunction is denied.

_____

_

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Rendered

Filed:   November 8, 2001

Publish