In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-006 CV


NO. 09-06-007 CV


____________________



JERMAINE NORMAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


 Jefferson County, Texas


Trial Cause Nos. X-560, X-561






MEMORANDUM OPINION


 Jermaine Norman appeals two orders from the trial court denying his pro-se petitions
for expunction. As the issues are identical, we consolidate analysis of both appeals and issue
a single opinion. 

 Norman's petitions requested expunction of all records and files of two prior offenses
prosecuted in Jefferson County, Texas. Norman alleged the two indicted offenses, cause
numbers 87973 (possession of marijuana) and 87975 (possession of controlled
substance/cocaine), were dismissed on March 31, 2003, upon request by the State. Neither
of Norman's petitions were accompanied by any copies of court documents or papers relating
to either of the two dismissed cases. The trial court set a hearing on the matter but the record
does not include a transcript of the hearing. 

 The State's answers contended that Norman was arrested for both offenses on July 23,
2002. Attached to the State's answers as exhibits were copies of two judgments indicating
a state jail felony conviction of Norman for evading detention, signed August 28, 1997, and
a second-degree felony conviction for robbery, also signed August 28, 1997. The State
argues that because of the timing of these two prior convictions, Norman is not eligible for
expunction of cause numbers 87973 and 87975. We agree.

 The right to expunction is a statutory privilege. Tex. Dep't of Pub. Safety v. Wallace,
63 S.W.3d 805, 806 (Tex. App.--Austin 2001, no pet.) (citing State v. Knight, 813 S.W.2d
210, 212 (Tex. App.--Houston [14th Dist.] 1991, no writ)). Under article 55.01 of the Texas
Code of Criminal Procedure, "[a] person who has been placed under a custodial or
noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all
records and files relating to the arrest expunged" if the person meets certain statutory
requirements. See Tex. Code Crim. Proc. Ann. art. 55.01(a) (Vernon Supp. 2005). An
expunction proceeding is civil rather than criminal in nature, and the burden of proving
compliance with the statute rests with the petitioner. Houston Police Dep't v. Berkowitz, 95
S.W.3d 457, 460 (Tex. App.--Houston [1st Dist.] 2002, pet. denied); In the Matter of Wilson,
932 S.W.2d 263, 266, (Tex. App.--El Paso 1996, no writ). "In a statutory cause of action,
all provisions are mandatory and exclusive and a person is entitled to expunction only when
all of the conditions have been met." Wallace, 63 S.W.3d at 806; Wilson, 932 S.W.2d at 266. 
 To be entitled to expunction when criminal charges are dismissed, the petitioner must
show that each of the following conditions exists:

 (A) an indictment or information charging the person with commission of a
felony has not been presented against the person for an offense arising out of
the transaction for which the person was arrested or, if an indictment or
information charging the person with commission of a felony was presented,
the indictment or information has been dismissed or quashed, and:

 (i) the limitations period expired before the date on which a
petition for expunction was filed under Article 55.02; or

 (ii) the court finds that the indictment or information was
dismissed or quashed because the presentment had been made
because of mistake, false information, or other similar reason
indicating absence of probable cause at the time of the dismissal
to believe the person committed the offense or because it was
void;

 (B) the person has been released and the charge, if any, has not resulted in a
final conviction and is no longer pending and there was no court ordered
community supervision under Article 42.12 for any offense other than a Class
C misdemeanor; and 

 (C) the person has not been convicted of a felony in the five years preceding
the date of the arrest.


See Tex. Code Crim. Proc. Ann. art. 55.01(2)(A)-(C).

 In order to be entitled to the expunctions requested, Norman would have to prove,
inter alia, that he had not been convicted of any felony offense during the five-year period
from July 23, 1997 to July 23, 2002 (the arrest date for the offenses subject to the expunction
requests). The State provided evidence that Norman had indeed been convicted of two
felonies on August 28, 1997. Norman made no attempt to contest this fact before the trial
court and does not appear to take issue with the existence of the felony convictions of August
28, 1997, on appeal. The granting or denial of an expunction petition is generally reviewed
under an abuse of discretion standard. See Bargas v. State, 164 S.W.3d 763, 770 (Tex. App.-
-Corpus Christi 2005, no pet.); Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex.
App.--Austin 2002, pet. denied); Ex parte Guajardo, 70 S.W.3d 202, 204 (Tex. App.--San
Antonio 2001, no pet.). We find no abuse of discretion by the trial court in denying
Norman's expunction petitions as he failed to show he had not been convicted of a felony in
the five years preceding his arrest on July 23, 2002. Indeed, the only proof in the record
before us establishes the opposite to be true. Issues one through four are overruled. (1) The
orders denying Norman's petitions for expunction are affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice

Submitted April 19, 2006

Opinion Delivered July 13, 2006


Before Gaultney, Kreger and Horton, JJ.
1. Norman raises a fifth issue that involves facts and circumstances not contained in his
expunction petition nor presented to the trial court. Norman has failed to preserve this issue for
appellate review. See Tex. R. App. P. 33.1(a). Issue five is dismissed.