# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00435-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Joshua Jack Nail, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. 15,973, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The 33rd District Court in Llano County ordered the arrest records of Joshua Jack Nail expunged. The Texas Department of Public Safety appeals the expunction order arguing that Nail was not entitled to expunction under article 55.01 of the Texas Code of Criminal Procedure because he served a term of deferred adjudication for the offense he sought to expunge. *See* Tex. Code Crim. Proc. Ann. art. 55.01 (West 2006). For the reasons discussed below, we affirm the trial court's order.

### BACKGROUND

On March 28, 2005, Nail was arrested and charged with the offense of making alcohol available to a minor, a Class A misdemeanor. *See* Tex. Alco. Bev. Code Ann. § 106.06 (West 2007). Pursuant to a plea bargain agreement, Nail plead nolo contendre, paid an $800 fine, and received 30 days of unsupervised deferred adjudication.

Following the completion of his sentence, Nail filed a petition for expunction requesting that all criminal records and files pertaining to his arrest on March 28, 2005, be expunged. The Department contested Nail's expunction arguing that Nail was not entitled to expunction because he received probation for the offense he sought to expunge. The trial court held a hearing at which Cheryll Mabray, the county attorney who had made the plea bargain with Nail, testified that the terms and conditions of the plea bargain agreement were structured in a manner that would allow Nail to seek an expunction if he successfully completed his sentence. In response to questioning by Nail's counsel, Mabray testified on direct as follows:

A. . . . I think I sent you a plea bargain letter and it was always that [Nail] was not supposed to report [to a probation officer] and it was just – – it was sort of like a Class C misdemeanor, you pay a fine and court costs and that's it.

Q. Right. And as attorney for the [S]tate, you and I made that agreement?

A. Right.

Q. And the agreement was with the understanding that doing it in this way, the way we did it, [Nail] would be eligible for expunction and you would not oppose it?

A. We hoped so.

Q. Well, we hoped so.

A. Yeah, but I said I would not – – you know, he was a good boy. As long as he, you know, didn't have any criminal history between now and the time of expunction that I would not have any problem with it.

Notwithstanding Mabray's testimony, the Department argued that expunction of Nail's criminal records was not proper because Nail had received deferred adjudication and,

2

therefore, he was not entitled to expunction under article 55.01 of the code of criminal procedure.

The trial court granted the petition for expunction. The trial court's order states:

> The Court finds that the charges against Petitioner in Cause No. 13161 in the County Court of Llano County, Texas, were dismissed, and did not result in a conviction, that the charges are no longer pending, that there was no court-ordered supervision of the Petitioner under Art. 42.12, that Petitioner has been released from custody and bond on this charge, and that the Petitioner has not been convicted of a felony within 5 years of the date of his arrest.
> Therefore:
> For the above-stated reasons, and in the interests of justice, Petitioner's Petition for Expunction should be, and the same is hereby, GRANTED.

The Department requested findings of fact and conclusions of law from the trial court, but, aside from those findings in the trial court's order, none were entered. This appeal followed.

## DISCUSSION

In two issues on appeal, the Department challenges the legal sufficiency of the evidence to support the order of expunction. The Department argues that Nail failed to establish that he did not receive court ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure and, therefore, the trial court abused its discretion in granting Nail's expunction.

### *Standard of Review*

We review the trial court's ruling on a petition for expunction for abuse of discretion. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

3

A trial court abuses its discretion if it acts without reference to guiding rules and principles or if its actions are arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

When reviewing a challenge to the legal sufficiency of the evidence, we "view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence if reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. *Id*. at 827-28.

### Requirements for Expunction

The right to expunction is a statutory privilege. *Texas Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 806 (Tex. App.—Austin 2001, no pet.); *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ). A petitioner is entitled to expunction only when all of the statutory requirements have been met. *Wallace*, 63 S.W.3d at 806; *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 202 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

Nail sought expunction of his arrest records under article 55.01(a)(2) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). Article 55.01(a)(2) provides that a person who has been arrested for the commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

> (A)  an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of

4

the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i)     the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii)    the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12* for any offense other than a Class C misdemeanor; and

(C)    the person has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* (emphasis added).

The only clause of the statutory expunction provision at issue in this appeal is article 55.01(a)(2)(B). The Department contends that because Nail received deferred adjudication, his arrest records cannot be expunged even if he did not receive court ordered community supervision. We disagree.

The expunction statute addresses only "court ordered community supervision." *Id.* The record reflects that Nail did not receive court ordered community supervision. The judgment in Cause No. 13161 states that, under the terms of Nail's plea bargain agreement, he received a deferred judgment of 30 days and paid a fine of $800 in exchange for his plea of "nolo contendre." The judgment further reflects that Nail was not put on probation or community supervision and he

5

was not required to report to a probation officer. All portions of the judgment referring to community supervision, probation, or terms and conditions of probation have been struck out. In addition, the county attorney who entered into the plea bargain agreement with Nail on behalf of the State testified that Nail did not receive probation or community supervision. Based on this evidence, the trial court expressly found that "that there was no court-ordered supervision of the Petitioner under Article 42.12."

On this record, viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence is legally sufficient to support the trial court's order of expunction. *See City of Keller*, 68 S.W.3d at 807, 827-28. We therefore find no abuse of discretion in the trial court's order granting expunction. We overrule the Department's issues on appeal.

## CONCLUSION

Having overruled the Department's issues on appeal, we affirm the trial court's order.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   June 24, 2009