**Affirmed and Opinion filed August 30, 2018.**



In The

# 𝔉ourteenth 𝔆ourt of 𝔄ppeals

_____

## NO. 14-16-00982-CV

_____

### CITY OF HOUSTON, Appellant

### V.

### G.L., Appellee

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1435565**

## O P I N I O N

The trial court granted an expunction under Texas Code of Criminal Procedure article 55.01(a)(1)(A) at the request of a former police officer acquitted by the trial court following a criminal trial. The trial court ordered the City of Houston's police department to delete all records concerning the internal-affairs investigation into the conduct that formed the basis of the criminal proceeding. No party filed a motion for new trial or pursued a direct appeal from the expunction order. Months later, a staff attorney for the police department, purportedly acting

on behalf of the city, filed a petition for a bill of review, naming the former police officer as the defendant and asking the trial court to delete the part of the expunction order addressing the internal-affairs records. The trial court granted summary judgment in favor of the former police officer, and the city now challenges that ruling in this appeal. Because the city has not shown that the trial court erred in granting summary judgment, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

An incident occurred while appellee G.L. was a police officer employed by the Houston Police Department (the "Department"). The Department conducted an internal-affairs investigation into the incident and created a file documenting the investigation.

G.L. was charged with a criminal offense. Following a bench trial, the trial court acquitted G.L. of the charge. G.L. then requested an expunction under Texas Code of Criminal Procedure article 55.01(a)(1)(A).

Within thirty days of the date on which the trial court acquitted G.L., the trial court signed an expunction order. In the order, the trial court found that the State of Texas had been notified of G.L.'s expunction request. In granting the request, the trial court ordered the Department to delete all records concerning the internal-affairs investigation into the conduct that formed the basis of the criminal case in which G.L. was acquitted (the "Criminal Case"). The trial court ordered the district clerk to deliver by certified mail, return receipt requested, a copy of the expunction order to five entities listed in the order. The Department was one of the listed entities; the City of Houston was not listed.

The record reflects that the Department received a copy of the expunction order fifteen days after the trial court signed it and that a staff attorney for the

2

Department signed the return-receipt card. No party filed a motion for new trial or a motion to modify, correct, or reform the expunction order, and no party appealed from the expunction order. Eight months later, the attorney who had signed the return-receipt card filed an original petition for bill of review. The record indicates that the attorney sought to file the petition in the same trial court that had issued the expunction order, but that the district clerk would not allow this filing and instead gave the petition a civil cause number and assigned the petition to the 164th District Court. That court dismissed the bill-of-review petition without prejudice after concluding that the court lacked jurisdiction over the petition.

The Department staff attorney re-filed the original petition for bill of review, and this time the district clerk allowed the petition to be filed in the trial court that had issued the expunction order.[1] In the bill-of-review petition, the Department staff attorney states that she is the City of Houston's attorney and that the City brings the bill-of-review proceeding on behalf of the Department. The caption lists the City as the plaintiff in the bill-of-review proceeding, and the first section of the petition recites that the plaintiff is "the City of Houston/City of Houston Police Department" and that G.L. is the sole defendant.[2] In the petition, the City sought bill-of-review relief and asked that the trial court modify the expunction order to eliminate the part in which the trial court ordered the Department to delete all records concerning the internal-affairs investigation into the conduct forming the

_____

[1] The original petition in our record has the cause number from the expunction proceeding handwritten at the top. Though the district clerk should have given the bill-of-review proceeding its own cause number, the district clerk did not do so. *See In re Martinez*, 478 S.W.3d 123, 127 n.1 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). Instead, the documents filed in the bill-of-review proceeding bear (1) the cause number from the Criminal Case, (2) the cause number from the expunction proceeding, or (3) both of these cause numbers. No party has raised the issue of the improper cause number in the trial court or on appeal. This issue is not jurisdictional and does not invalidate the bill-of-review proceeding. Therefore, we do not take any action regarding the cause number of the bill-of-review proceeding.

[2] In this opinion, we refer to the City as the plaintiff in the bill-of-review proceeding.

basis of the Criminal Case.

G.L. moved for summary judgment asserting various grounds attacking the essential elements G.L. contended the City must prove to show entitlement to bill-of-review relief. The City filed a response in opposition. The trial court granted G.L.'s summary-judgment motion.

In this appeal, the City not only challenges the summary judgment but also states that this court can treat the City's appellant's brief as a petition for writ of mandamus and grant the City mandamus relief.

## II. ISSUES AND ANALYSIS

### A. Did the trial court err in granting summary judgment?

In his summary-judgment motion, G.L. asserted various grounds attacking the three elements generally needed to prove entitlement to bill-of-review relief. G.L. asserted that the City was negligent in failing to file a motion for new trial and in failing to pursue a direct appeal after a staff attorney for the Department received a copy of the expunction order fifteen days after the trial court signed the order.

### 1. Principles Governing Bill-of-Review Relief

A bill of review constitutes a direct attack on a judgment that is no longer appealable or subject to a motion for new trial. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). Because it is a direct attack, a petition for a bill of review must be filed in the court that rendered the original judgment, and only that court may exercise jurisdiction over the bill-of-review proceeding. *Id.* Though bill-of-review relief finds roots in general principles of equity, courts do not readily grant equitable bills of review because of the fundamental importance of according finality to judgments. *Id.*

4

## 2. *The Truncated Expunction Procedure for Acquitted Defendants*

The right to expunction does not arise from common law or from a constitution. *See Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied). It is a privilege that derives solely from the applicable expunction statute. *See id.* Mandatory and exclusive, the statutory provisions spell out the requirements necessary to maintain an action for expunction. *See id.* A person is entitled to expunction only when all the statutory conditions of the article have been met, and a court has no equitable power to go beyond the plain meaning of the expunction statute. *See id*.

G.L. obtained the expunction order under provisions of the Code of Criminal Procedure that afford a truncated expunction process. *See* Tex. Code Crim. Proc. art. 55.01(a)(1)(A), art. 55.02 §§1, 3 (West 2011, through 2011 1st C.S.); *In re State Bar of Texas*, 440 S.W.3d 621, 624 (Tex. 2014). Under article 55.01, a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the trial court acquits the person, subject to an exception that no party claims applies to this case. *See* Tex. Code Crim. Proc. art. 55.01(a)(1)(A), (c) (West 2011, through 2011 1st C.S.).[3] Under article 55.02, "[a]t the request of the defendant and after notice to the state, the trial court presiding over the case in which the defendant was acquitted . . . shall enter an order of expunction for a person entitled to expunction under Article 55.01(a)(1)(A) not later than the 30th day after the date of the acquittal." Tex. Code Crim. Proc. art. 55.02 § 1 (West 2014). An acquitted individual requesting

---

[3] All references to the Texas Code of Criminal Procedure are to the version of the statutes in effect in 2015, when the trial court signed the expunction order. Though the Texas Legislature since has amended these statutes, the amendments would not materially alter the analysis in this opinion.

expunction must provide to the trial court all the information that would have been required in a petition for expunction, if the acquitted person had filed a petition for expunction under section 2 of article 55.02. Tex. Code Crim. Proc. art. 55.02 §§ 1, 2.

Under the unambiguous language of articles 55.01 and 55.02, the Legislature created a truncated procedure for expunction of all records and files relating to the arrest of an acquitted person within thirty days of acquittal solely upon the acquitted person's request and provision of certain information to the trial court, without the filing of any expunction petition and without any requirement of a hearing or notice to any party other than the State of Texas.[4] *See id.* arts. 55.01, 55.02.; *In re State Bar of Tex.*, 440 S.W.3d at 624.

At the time of the expunction order in the case under review, section 2 of article 55.02 allowed a person entitled to an expunction of records and files under various provisions of article 55.01 to file a petition for expunction that a district court would consider at a hearing after giving reasonable notice to each official, agency, or governmental entity named in the petition. *See* Tex. Code Crim. Proc. art. 55.02 § 2 (West 2011, through 2011 1st C.S.). But, this statute did not apply to an acquitted person such as G.L. seeking an expunction under article 55.01(a)(1)(A). In 2017, the Texas Legislature amended section 2 of article 55.02 so that an acquitted person seeking an expunction under article 55.01(a)(1)(A) now may use either the procedure under section 2 of article 55.02 or the truncated procedure under section 1 of article 55.02. *See* Tex. Code Crim. Proc. art. 55.02 §2 (West, Westlaw through 2017 1st C.S.).

Section 3 of article 55.02 applies to expunctions under section 1 or section 2

---

[4] On appeal, the City of Houston does not dispute this procedure or assert that G.L did not comply with the requirements of article 55.01 or section 1 of article 55.02.

6

of the article. Tex. Code Crim. Proc. art. 55.02 § 3 (West 2011, through 2011 1st C.S.). Under section 3 the trial court must require in the expunction order that any state agency that sent information concerning the arrest to a central federal depository request the depository to return all records and files subject to the order of expunction. *See id*. The person who is the subject of the expunction order or an agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases. *See id*. An expunction proceeding in the trial court and any appeal therefrom is civil in nature, rather than a criminal proceeding. *See id*.; *State v. T.S.N.*, 547 S.W.3d 617, 619 (Tex. 2018).

Section 3 of article 55.02 also provides that, when the expunction order is final, the court clerk shall send a certified copy of the order to the Crime Records Service of the Department of Public Safety and to each official, agency, or other governmental entity of this state or of any political subdivision of this state named in the order. *See* Tex. Code Crim. Proc. art. 55.02 § 3 (West 2011, through 2011 1st C.S.).

In the expunction order in today's case, the trial court ordered the district clerk to deliver a certified copy of the expunction order by certified mail, return receipt requested, to the five entities listed in the order. The trial court listed the Department but did not list the City. The City does not argue that the district clerk failed to send a copy of the expunction order to any of the five entities listed in the order. Nor does the City dispute that the Department received a copy of the expunction order fifteen days after the trial court signed the order or that a staff attorney for the Department signed the return-receipt card. The district clerk did not send a copy of the expunction order to the City, but the trial court did not name the City in the expunction order, and thus there was no statutory requirement that a copy of the expunction order be sent to the City. *See id*.

7

### 3. The Actions of the Department's Staff Attorney

The Department's staff attorney, who received the copy of the expunction order, filed the petition for bill of review in which she stated that she was the City's attorney and that the City brought the bill-of-review proceeding on behalf of the Department. That staff attorney represented the City in the trial court through the trial court's summary-judgment order. The City Attorney's office filed the notice of appeal and has represented the City on appeal. The City asserts that the Department's staff attorney did not forward the expunction order to the City's legal department and that the staff attorney could not represent the Department in the trial court because the Department is not a legal entity separate from the City and the Department lacks the capacity to sue or be sued. The City also asserts that the staff attorney had no authority to file the petition for bill of review on behalf of the City. Because no party raised the staff attorney's alleged lack of authority to represent the City in the trial court or her alleged lack of authority to represent the Department, these issues have been waived, and we presume that the staff attorney had authority to represent the City and the Department in the trial court.[5] *See City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 758 (Tex. 2003) (stating that court would presume attorney was the cities' attorney because challenge to attorney's authority to represent cities was waived by failure to obtain ruling on motion to show authority in the trial court); *Victory v. State*, 158 S.W.2d 760, 766 (Tex. 1942) (holding that challenge to attorney's authority to represent the State of Texas in the trial court could not be raised for first time on appeal).

### 4. The No-Notice Line of Cases

Ordinarily, to be entitled to relief in an equitable-bill-of-review proceeding,

---

[5] The City concedes that the issue of the staff attorney's alleged lack of authority to represent the City in the trial court was waived because no party raised that issue in the trial court.

the plaintiff must plead and prove (1) a meritorious claim or a meritorious defense to a claim, (2) which the plaintiff was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the plaintiff's part. *See id.* But, in various contexts, courts have held that an equitable-bill-of-review plaintiff need not prove all three of these elements. *See Katy Venture v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163–64 (Tex. 2015) (per curiam); *Mabon Ltd. v. Afri-Carib Enter., Inc.*, 369 S.W.3d 809, 812–13 (Tex. 2012) (per curiam); *Grant v. Calligan*, No. 14-15-01084-CV, 2017 WL 455731, at *2–3 (Tex. App.—Houston [14th Dist.] Feb. 2, 2017, no pet.) (mem. op.). For example, if an equitable-bill-of-review plaintiff proves (1) the plaintiff had no actual or constructive notice of the trial setting or the trial court's rendition of a post-answer default judgment against the plaintiff, within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not due to its fault or negligence, then the plaintiff need not prove either of the first two elements, and the plaintiff conclusively establishes the third element by proving these two elements. *See Mabon Ltd.*, 369 S.W.3d at 812–13.

On appeal, the City cites *Mabon*, invokes this line of cases, and asserts that the City does not have to prove the three ordinary elements for bill-of-review relief because the City was not properly served[6] with notice of G.L.'s expunction request, notice of an expunction hearing, or notice of the expunction order. But, the City did not raise this point in its summary-judgment response, so we cannot reverse the trial court's summary judgment on this basis. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Norris v. Texas Dev. Co.*, 547 S.W.3d 656, 662 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

---

[6] The City asserts that a provision of the City of Houston Code of Ordinances requires that notice to the City in this context must be filed with the city secretary of the City. We presume, without deciding, that this statement is correct and that service of notice on the Department did not constitute proper service of notice on the City.

In any event, no statute or rule required notice to the City of G.L.'s expunction request, any expunction hearing, or the expunction order.[7] *See* Tex. Code Crim. Proc. arts. 55.01, 55.02 §§ 1, 3 (West 2011, through 2011 1st C.S.). On appeal, the City has not argued that any part of the applicable expunction statutes is unconstitutional. The City has not shown that notice to the City was required, and therefore, even if the City had raised the no-notice line of cases in its summary-judgment response, these cases would not apply because there was no failure to give a required notice that might justify departure from the ordinary three elements for bill-of-review relief. *See Mabon Ltd.*, 369 S.W.3d at 812–13; *In re T.D.B.*, No. 05-17-01137-CV, 2018 WL 947905, at *3 (Tex. App.—Dallas Feb. 20, 2018, orig. proceeding) (mem. op.); *In re Baby Girl S.*, 407 S.W.3d 904, 909–10 (Tex. App.—Dallas 2013, pet. denied).

### 5. *Negligence on the City's Part*

G.L. sought summary judgment on the ground that the City was negligent in failing to file a motion for new trial or pursue a direct appeal after the Department's staff attorney received a copy of the expunction order fifteen days after the trial court signed the order. On appeal, the City states that although the conduct of the Department's staff attorney appears to show some fault or negligence on the City's part, the staff attorney had no authority to act for the City. But, the City did not raise this point in its summary-judgment response, so we cannot reverse the trial court's summary judgment on this basis. *See City of Houston*, 589 S.W.2d at 678; *Norris*, 547 S.W.3d at 662. The City has not shown that the trial court erred in granting summary judgment on this ground. Thus, we

---

[7] The record indicates that G.L. did not file an expunction petition and that the trial court did not conduct an oral hearing on G.L.'s request for an expunction.

affirm the trial court's summary judgment.[8]

**B.     Should the court treat the appellant's brief as a petition for writ of mandamus?**

In the final section of its appellate brief, the City, relying upon the Supreme Court of Texas's opinion in *CMH Homes v. Perez*, asserts that this court can treat its appellant's brief as a petition for writ of mandamus. *See* 340 SW.3d 444, 452–54 (Tex. 2011). Though the City never expressly says so, we presume that the City has specifically requested that this court treat the City's appellate brief as a petition for writ of mandamus. In the *CMH Homes* case, the supreme court instructed the court of appeals to consider the appeal as a petition for mandamus because (1) the appellant specifically requested the court of appeals to treat its appeal as a mandamus petition, (2) the appellant preserved this issue in the high court, and (3) judicial efficiency militated against requiring the appellant to file a separate original proceeding since doing so would waste the parties' time and judicial resources by requiring the appellant to file a separate document with the title "petition for writ of mandamus" listed on the cover. *See id*. at 453–54.

In today's case, the City has cited cases in support of the proposition that a void order can be collaterally attacked at any time and that mandamus will lie to dissolve a void order. But the City does not contend that the expunction order is void; rather, the City contends that only part of the expunction order is void—the part in which the trial court addressed the internal-affairs-investigation records. In its opening appellate brief, the City did not provide any argument or analysis as to why this part of the expunction order would be void. Even construing the City's opening brief liberally, we cannot conclude that the City adequately briefed an

---

[8] We need not and do not address the City's appellate arguments that the City had a meritorious defense and that either an accident or an official mistake occurred.

argument that this portion of the expunction order is void. *See San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Fox v. Alberto*, 455 S.W.3d 659, 663, n.1 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). In this context, judicial efficiency does not militate against requiring the appellant to file a separate original proceeding. Therefore, we do not treat the City's appellate brief as a petition for writ of mandamus. *See CMH Homes*, 340 SW.3d at 453–54.

### III. CONCLUSION

The City has not shown that the trial court erred in granting summary judgment. Therefore, we overrule the City's sole appellate issue and affirm the trial court's summary judgment. Because judicial efficiency does not weigh against requiring the City to file a separate petition for writ of mandamus, we do not consider the City's appellant's brief as a petition for writ of mandamus. Thus, we do not address whether the City is entitled to mandamus relief.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.