**Affirmed and Memorandum Opinion filed November 26, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00607-CV

### THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Appellant

### V.

### RAPHAEL MOORE, JR., Appellee

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 17-FD-2591**

## M E M O R A N D U M   O P I N I O N

Appellant the Office of the Attorney General of Texas ("OAG") filed a petition for bill of review asserting Appellee Raphael Moore, Jr. and his ex-wife, Cynthia Marie Moore, wrongfully obtained an agreed judgment for child support arrearage.[1] After a hearing, the trial court denied the OAG's petition. For the reasons below, we affirm.

---

[1] Because Raphael Moore, Jr. and Cynthia Marie Moore share the same last name, we refer to them by their first names to avoid confusion.

BACKGROUND

At the time of their divorce in 1993, Raphael and Cynthia had a five-year-old son. Raphael's and Cynthia's final divorce decree ordered Raphael to pay approximately $52.60 per week to Cynthia for child support.

In January 2016, Raphael filed a motion to modify the final divorce decree. Raphael and Cynthia signed an "Agreement Regarding Child Support Arrearage," stating Cynthia "acknowledge[d] that she has received financial payments from [Raphael] for the support of their child informally since the date of the divorce." The agreement provided that Raphael would pay Cynthia $1,000 and, upon receipt of the payment, the parties agreed no balance would be owed with respect to child support arrearages. The trial court signed an agreed judgment on January 11, 2016, approving the parties' "Agreement Regarding Child Support Arrearage" and confirming arrears at zero.

The OAG filed a petition for bill of review in October 2017, asserting Raphael's actions in the 2016 proceeding sought to modify a support right assigned to the OAG. The OAG argued that, because it was not served or noticed with respect to those proceedings, Raphael wrongfully obtained the 2016 agreed judgment. The OAG filed a first amended petition in February 2018.

After a hearing on the merits of the OAG's petition for bill of review, the trial court signed an order denying the petition. The OAG filed a motion for new trial or, in the alternative, a motion to correct or reform the judgment, which the trial court also denied. The OAG timely appealed.

## ANALYSIS

The OAG asserts three issues challenging the trial court's denial of its petition for bill of review:

1. the OAG had standing to bring a bill of review action to set aside the trial court's judgment;

2. the evidence is legally insufficient to support the trial court's judgment because the record shows as a matter of law that the OAG was not served with notice of the suit; and

3. because the OAG was not served, it was entitled as a matter of law to a bill of review setting aside the judgment for zero child support arrears.

Raphael did not file an appellee's brief in response to the issues raised on appeal.

## I.     The OAG's Pleadings Conferred Standing.

In his response to the OAG's first amended petition, Raphael asserted the OAG lacked standing to pursue a bill of review because it was "not a party to the underlying lawsuit" and failed to "provide[] any prima facie evidence that it even has an interest" in the underlying proceeding. Challenging these contentions, the OAG argues its first amended petition alleged facts sufficient to establish standing.

A bill of review is an independent action brought to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999) (per curiam). The court that rendered the original judgment is the only court entitled to exercise jurisdiction over the bill of review action. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015).

Inherent in a court's jurisdiction is its authority to determine whether it properly can exercise subject matter jurisdiction over the case, including determining whether the plaintiff has standing to pursue the action. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). To have standing to pursue a bill of review, the plaintiff generally must have been a party to the prior judgment or have had a then-existing interest or right that was prejudiced by the

prior judgment. *Id.*

No party submitted evidence challenging the existence of the jurisdictional facts the OAG pleaded. In this context, we use the plaintiff's good-faith allegations to determine whether the trial court had jurisdiction over the underlying action and the court "may presume the truth of allegations supportive of standing." *Id.* at 502-03. Whether the plaintiff alleged facts that affirmatively demonstrate standing is a question of law we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The OAG asserted in its first amended petition that it had standing to pursue bill of review relief to set aside the 2016 agreed judgment. In its first amended petition, the OAG alleged (1) in the 2016 proceeding Raphael sought to modify a child support obligation assigned to the OAG under Texas Family Code section 231.102, (2) the OAG was not given notice of the proceeding, even though notice was required under Texas Family Code section 102.009(d) and (3) this lack of notice and the agreed final judgment prejudiced the OAG. Presuming the truth of the OAG's allegations, we conclude the petition alleged facts sufficient to demonstrate standing.

Title IV-D of the Social Security Act requires states to provide services for the enforcement of child support obligations for children who receive government assistance payments. *See* 42 U.S.C.A. § 654(4) (West 2009). In Texas, the OAG is designated to provide these Title IV-D services, including collecting and distributing child support payments and enforcing child support orders. *See* Tex. Fam. Code Ann. §§ 231.001 (Vernon 2014), .101(a)(5)-(6) (Vernon Supp. 2018); *see also Spates v. Office of the Attorney Gen., Child Support Div.*, 485 S.W.3d 546, 554 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("The Texas Family Code authorizes the OAG to enforce child support orders and to collect and distribute

4

support payments."). An application for child support services constitutes an assignment of support rights to enable the Title IV-D agency to establish and enforce child support obligations. *See* Tex. Fam. Code Ann. § 231.104(b) (Vernon Supp. 2018); *see also In re A.M.*, 192 S.W.3d 570, 575 (Tex. 2006) ("The Attorney General, as the Title IV-D agency and [the mother's] assignee, is fully authorized to sue for unpaid child support and defend against any claim that might affect that collection."). In addition, to the extent authorized by federal law, the approval of an application for or the receipt of financial assistance as provided by Chapter 31 of the Texas Human Resources Code, constitutes an assignment to the Title IV-D agency of any rights to support from any other person that the applicant or recipient may have personally or for a child for whom the applicant or recipient is claiming assistance. *See* Tex. Fam. Code Ann. § 231.104(a) (Vernon Supp. 2018).

We conclude the allegations in the OAG's first amended petition, considered with the relevant Family Code provisions, are sufficient to confer standing on the OAG. The trial court denied the OAG's petition for bill of review relief. The trial court did not rule that the OAG lacked standing. Though we agree with the OAG's assertion in its first issue that the OAG had standing to bring this bill of review action, the issue does not show error in the trial court's judgment, so we do not sustain this issue.

## II. The Trial Court's Denial of the OAG's Petition for Bill of Review Does Not Constitute an Abuse of Discretion.

In its second and third issues, the OAG challenges the trial court's denial of its petition for bill of review and asserts it was not served with process or otherwise given notice of the 2016 proceeding.

We review the denial of a bill of review for an abuse of discretion. *Morris v. O'Neal*, 464 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *In*

5

*re A.A.S.*, 367 S.W.3d 905, 908 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Morris*, 464 S.W.3d at 806. Under this standard, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Grant v. Wilson*, No. 14-11-00320-CV, 2012 WL 170873, at *1 (Tex. App.—Houston [14th Dist.] Jan. 19, 2012, no pet.) (mem. op.).

Ordinarily, to be entitled to relief in a bill of review proceeding, a plaintiff must plead and prove (1) the plaintiff has a meritorious claim or defense, (2) which the plaintiff was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the plaintiff's part. *Valdez*, 465 S.W.3d at 226. But, in *Caldwell v. Barnes* the Supreme Court of Texas concluded if a bill of review plaintiff carries the burden of proving that the plaintiff was not served with process, the plaintiff need not prove the first two elements and the law will deem the plaintiff to have established conclusively the third element. 154 S.W.3d 93, 96-97 (Tex. 2004) (per curiam). This exception only applies if Raphael was required to effect service of process on the OAG. *See City of Houston v. G.L.*, 560 S.W.3d 744, 750 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Raphael did not name the OAG as a party to the 2016 proceeding, and the OAG has not cited a statute, rule, or case requiring the OAG be served with process in this context. Under the plain text of Texas Family Code section 102.009, we conclude that service of process on the OAG was not required. *See* Tex. Fam. Code Ann. § 102.009 (Vernon 2019).

The OAG also asserts the *Caldwell* exception applies because Texas Family Code section 102.009(d) required Raphael to give notice of the 2016 proceeding to the OAG, as opposed to effecting service of process. *Id* at (d). This statute

provides in pertinent part as follows:

> If the petition requests the establishment, termination, modification, or enforcement of a support right assigned to the Title IV-D agency under Chapter 231 . . . notice shall be given to the Title IV-D agency in a manner provided by Rule 21a, Texas Rules of Civil Procedure.

*Id*.

To show its entitlement to notice under section 102.009(d), the OAG had to prove a support right that was the subject of the 2016 proceeding had been assigned to the OAG under Chapter 231 before or during the 2016 proceeding. *See id*. The only part of Chapter 231 on which the OAG relies is section 231.104, under which (1) to the extent authorized by federal law, the approval of an application for or the receipt of financial assistance as provided by Chapter 31 of the Texas Human Resources Code, constitutes an assignment to the OAG of any rights to support from any other person the applicant or recipient may have personally or for a child for whom the applicant or recipient is claiming assistance; and (2) an application for child support services constitutes an assignment of support rights to enable the OAG to establish and enforce child support obligations. *See id*. § 231.104.

The OAG attached two exhibits to its first amended petition for bill of review: the trial court's 2016 "Agreed Judgment for Child Support Arrearage" and an affidavit from Luis Guillermo Regla, the assistant attorney general assigned to this bill of review proceeding. The 2016 agreed judgment (1) states Raphael and Cynthia entered into a written agreement whereby Cynthia acknowledged Raphael provided "informal payments" since the parties' 1993 divorce, and (2) grants Cynthia a cumulative judgment for zero dollars in child support arrearages. The agreed judgment makes no mention of the OAG and does not state whether the OAG received notice of the 2016 proceeding. The agreed judgment does not

7

address whether an assignment had occurred under section 231.104.

Regla's affidavit states he "did not discover" Raphael and Cynthia "had set the underlying case for dispositive hearing/final trial, nor that a final judgment had been signed" until February 16, 2016. Pointing out the trial court's agreed judgment was signed January 11, 2016, Regla's affidavit states the time period to file a motion for new trial or a motion to vacate the judgment had expired. *See* Tex. R. Civ. P. 306a, 329b. In his affidavit, Regla does not address whether an assignment had occurred under section 231.104.

At the final hearing on the merits of its petition for bill of review relief, neither the OAG nor any other party offered any evidence. The trial court did ask Cynthia two questions:

| | |
|---|---|
| [Trial court]: | Ms. Moore, did you receive benefits for your children? Medicaid? |
| [Cynthia]; | At that present time, yes, TANF. |
| [Trial court]: | Okay. You received TANF? |
| [Cynthia]: | Yes. |

Cynthia did not state when she received TANF. Cynthia did not testify she had received any TANF before the end of the 2016 proceeding. In any event, the trial court was the sole judge of Cynthia's credibility and the weight to be given to her testimony. *See Gone v. Gone*, 993 S.W.2d 845, 848 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The evidence at the hearing is legally and factually sufficient to support the trial court's implied finding that the OAG failed to prove it was entitled to notice under section 102.009(d) because a support right that was the subject of the 2016 proceeding had been assigned to it under Chapter 231 before or during the 2016 proceeding. *See* Tex. Fam. Code Ann. §§ 102.009(d), 231.104. Presuming for the sake of argument that the *Caldwell* exception would apply if

Texas Family Code section 102.009(d) required Raphael to give notice of the 2016 proceeding to the OAG, the trial court reasonably could have concluded the OAG did not prove its entitlement to notice under section 102.009(d).  The OAG does not assert that, absent application of an exception, the OAG conclusively proved each of the three elements ordinarily required to obtain bill of review relief.

We overrule the OAG's second and third issues.

CONCLUSION

We affirm the trial court's April 25, 2018 order denying the OAG's petition for bill of review.


/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Frost and Justices Wise and Hassan.