# NO. 12-13-00138-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **EX PARTE:** | § | *APPEAL FROM THE 173RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| **T. C.** | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting an expunction of T.C.'s theft arrest. In one issue, DPS contends there is legally insufficient evidence to support the trial court's order. We reverse and render.

## BACKGROUND

T.C. was charged by information with misdemeanor theft, and pleaded guilty. The county court deferred an adjudication of guilt and placed T.C. on "non-reporting community supervision" for six months. As conditions of her community supervision, she was to commit no offense against the law, report any arrest to her supervision officer within forty-eight hours of the arrest, immediately report to the "Henderson County CSCD" one time, and pay court costs. Ultimately, the county court ordered that the deferred adjudication be set aside, and that T.C. be discharged from deferred adjudication.

T.C. filed a petition with the district court to expunge any and all of the records arising out of her theft arrest, stating, among other reasons, that there was no court ordered community supervision other than a "non-reporting deferred," which was not contemplated under Article 42.12 of the Texas Code of Criminal Procedure. DPS filed an answer and general denial, stating that T.C. did not qualify for expunction of her records because she served court ordered deferred adjudication community supervision. After a hearing in which DPS did not participate, the trial court found that "there was no court ordered probation of any kind other than a 'non-reporting

deferred' which [was] not contemplated" under Article 42.12 of the Texas Code of Criminal Procedure. The court also found that T.C. was entitled to have the records of her theft arrest expunged, and ordered that the records be expunged. This restricted appeal followed.

EXPUNCTION

In its sole issue on appeal, DPS argues that T.C. is not entitled to an expunction of records related to her arrest for theft because she served a term of community supervision.

**Standard of Review**

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009).

For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. *Norman Commc'ns*, 955 S.W.2d at 270; *Flores*, 5 S.W.3d at 819.

We review a trial court's order granting or denying expunction for "abuse of discretion." *See Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). However, if an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Thus, a trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of*

2

*Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal sufficiency complaint if the record reveals (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810.

**Applicable Law**

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is a civil proceeding that is governed by the rules of civil procedure. *See Carson v. State*, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with the statutory requirements, and has no equitable power to extend the clear meaning of the statute. *Harris Cnty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). To be entitled to an expunction, T.C. had the burden of proving that all of the statutory requirements were satisfied. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.).

A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files related to the arrest expunged if the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2014). The purpose of Article 55.01 is to allow wrongfully arrested individuals to clear their record, and conversely, to not allow expunction of arrest and court records relating to an arrest for an offense to which a person pleads guilty and receives community supervision pursuant to a guilty plea. *See Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Tex. Dep't of Pub. Safety v. Crawford*, No. 12-12-00072-CV, 2013 WL 776618, at *2 (Tex. App.—Tyler Feb. 28, 2013, no pet.) (mem. op., not designated for publication).

**Analysis**

To be entitled to an expunction under article 55.01(a)(2), T.C. has the burden of showing by legally sufficient evidence that the county court's order imposed no court ordered community

supervision under Article 42.12. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). T.C. contends that she did not receive court ordered community supervision within the meaning of Article 42.12, or under a "continuum of programs and sanctions." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (West Supp. 2014) (defining "community supervision" as placement of defendant by court under a continuum of programs and sanctions). She argues that the requirements the trial court imposed under her "non-reporting deferred" adjudication do not conform to the mandatory requirements of Article 42.12, Section 11 pertaining to community supervision. We disagree.

Texas courts have held that a court order which imposes deferred adjudication also imposes "court ordered community supervision under Article 42.12" within the meaning of article 55.01(a)(2) when it prescribes one or more of the "conditions" found in Article 42.12, Section 11. *See Nail*, 305 S.W.3d at 681; ***Tex. Dep't of Pub. Safety v. Wallace***, 63 S.W.3d 805, 807 (Tex. App.—Austin 2001, no pet.). Deferred adjudication constitutes community supervision even when the only conditions ordered are to pay a fine and court costs. *See **Tex. Dep't of Pub. Safety v. Moran***, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ). Further, misdemeanor deferred adjudication constitutes "court ordered community supervision" under Article 42.12 for purposes of the expunction statute and renders a defendant ineligible for expunction of arrest records. *See **Wallace***, 63 S.W.3d at 807.

The record clearly indicates that T.C. received deferred adjudication for her misdemeanor theft charge after pleading guilty, and as conditions thereof, she was required to commit no offense against the law, report any arrest to her supervision officer, report once to a supervision officer, and pay court costs. These conditions are authorized by Article 42.12, Section 11. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(1), (4), (8) (West Supp. 2014). Because the record shows that the county court imposed deferred adjudication, T.C. received "court ordered community supervision" under Article 42.12 for purposes of the expunction statute, and was ineligible for an expunction of her theft arrest records. *See **Wallace***, 63 S.W.3d at 807.

We conclude there is legally insufficient evidence to support the trial court's finding that there was no court ordered community supervision. Therefore, the trial court abused its discretion in granting T.C.'s petition for expunction. The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's order, did not file any postjudgment motions or requests

4

for findings of fact and conclusions of law, and error is apparent on the face of the record. Consequently, DPS is entitled to prevail in this restricted appeal. Accordingly, we sustain DPS's sole issue.

## DISPOSITION

We *reverse* the trial court's judgment granting expunction of T.C.'s theft arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to T.C. be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

BRIAN HOYLE
Justice

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-13-00138-CV**

**EX PARTE: T. C.,**

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. 2012A-0888)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment granting expunction of T.C.'s theft arrest be **reversed** and judgment **rendered** in favor of Texas Department of Public Safety and that all costs of this appeal are hereby adjudged against the Appellee**, T.C.,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*